## Case No. 13,580.

### STURTEVANTS v. ALTON.

[3 McLean, 393.] [1]

Circuit Court, D. Illinois. June Term, 1844.

MUNICIPAL CORPORATIONS—CONTRACT FOR GRADING STREETS—INCIDENTS OF POWER.

1. A corporation having power to grade streets, &c., necessarily has power to make contracts respecting the same, in regard to the work to be done, and the compensation to be paid.

[Cited in Gause v. Clarksville, Case No. 5,-276.]

[Cited in brief in Taber v. Cincinnati, L. & C. Ry. Co., 15 Ind. 467. Cited in Bicknell v. Widner School Tp., 73 Ind. 504; City of Williamsport v. Com., 84 Pa. St. 500.]

2. Under the power to establish post offices and post roads, congress have adopted the mail regulations of the Union, and punish all depredations on the mail. The same principle applies to the exercise of powers by a corporation.

3. Where a principal power is given, every incidental power necessary to give effect to the principal one, is included.

At law.

Wm. L. Lincoln, for plaintiffs.

Logan & Lincoln and Mr. Bailey, for defendant.

McLEAN, Circuit Justice. This action is brought on the following bond: "Know all men by these presents, that the city of Alton acknowledges itself to be indebted unto G. & N. Sturtevant in the full and just sum of seven hundred and seventy-eight dollars and eighty-three cents; which sum, the said city of Alton hereby obligates itself to pay to the said G. & N. Sturtevant, their executors, administrators and assigns, with interest thereon at seven per centum per anum, on the 1st of March, anno domini, 1844, in specie or its equivalent, and for the payment of said sum of money, with the interest accruing, the faith and revenue of said city is hereby irrevocably pledged. In witness whereof, the mayor of said city, with the clerk of the common council of said city of Alton, by order of said common council, have hereunto set their hands, and affixed the seal of said city of Alton, this 2d June, 1841." Signed by the mayor, &c.

Several special pleas have been filed by the city, some of which are objectionable in point of form, but as the object of the corporation is to test the validity of the contract, no other question will be considered.

It is objected that the corporation had no authority to enter into the contract. This bond, it seems, was given in discharge of a bond which had been given by the town of Alton, under its former act of incorporation. That bond is stated to have been executed, "in part consideration of Sloo, Kemble and Perkins' entering into a bond conditioned for the grading and improving Peoria street, in the town of Alton, as designated in said condition, and for no other consideration." "It is alleged

[1] [Reported by Hon. John McLean, Circuit Justice.]

that that supposed writing obligatory was given without any lawful or competent authority." And it is contended, that if the first bond was void, the second, which was given in lieu of it, is also void. A deed of confirmation of a void instrument is not good. But, if there be a meritorious consideration, the second bond may be enforced.

The first act incorporating the town of Alton, of 20th February, 1833, provides, in the first section, "that the trustees of the town may grant, purchase and receive, and hold property, real and personal, within the said town and no other, (burial grounds excepted), and may lease, sell and dispose of the same for the benefit of the town, and shall have power to lease any of the reserved lands which have been appropriated by the original proprietors to the use of the town, and may do all other acts as natural persons; may have a common seal," &c. The fifth section declares, "that the board of trustees shall have power, by ordinance, to levy and collect taxes upon all real estate within the town, not exceeding the one half of one per centum upon the assessed value; to establish night watches; light the city; improve the navigation of the river within the town; to regulate and license ferries; to erect and regulate public wharves, &c.; to open and keep in repair streets, avenues, lanes, &c.; and, from time to time, to pass such ordinances as to carry into effect the objects of this act." The seventh section gives power to the corporation, "to regulate, grade, pave and improve the streets, avenues, &c., and to extend and widen the same." The thirty-first section of the act of the 21st July, 1837, entitled "an act to incorporate the city of Alton," provides, "that the common council elected under such act, shall be deemed in law successors to the trustees to the town of Alton, to all intents and purposes; and all obligations and contracts entered into by the trustees of Alton, shall be carried into full effect by the common council of the said city of Alton." [Laws 1837, p. 27.] In this latter act, full authority is given to the city corporation to carry out the contracts of the trustees under the former act, and this bond being within the power thus given, the only question is, whether it is founded on a valid consideration.

An instrument under seal purports a consideration, and this principle applies as strongly to a corporation, acting within its powers, as to a natural person. But if we look beyond the bond now before us, to the consideration on which it was given, it is sustainable. The power of the trustees, under their act of incorporation, was ample to improve the streets and alleys of the town, and to enter into contracts for that purpose. For where a corporation is authorised to do that which can only be accomplished by a contract, it has power not only to make the contract, but to carry out in all its details, the principal power given. Congress "have power to establish post offices and post roads," by the constitution, and in carrying out this princi-

pal power, the mail operations of the Union are regulated. Postmasters are appointed and their duties prescribed; mail contractors and carriers of the mail are regulated, and provision is made for the punishment of all depredations on the mail. This power is considered as an incident to the principal power; and every one must see that without its exercise effect could not be given to the main power. The same principle holds in relation to a corporation. It has power to pave streets, widen them, &c.; consequently it may make contracts for such improvements. It has power to levy a tax, consequently it has power to appoint an assessor and collector. The trustees of Alton had power to do these things. They in their contract stipulated the price at which certain improvements should be made, and the evidence of this contract was in writing, under the seal of the corporation. For aught that appears, the consideration on which the first bond was given by the trusteees, had been duly performed at the time it was executed. If this were not so, there is no pretence that the work was not done before the bond now in question was executed.

From the recital of the first bond, in the record, it is seen that the first was executed, for grading and improving a street in the town within the power of the corporation. Upon the whole, we see nothing which can invalidate the bond now before us, and consequently the demurrer to the pleas is sustained. Judgment.