MICHAEL SNOW, Respondent, *v.* THE RUSSEL COE
FERTILIZER COMPANY.

ROBERT C. DAVIDGE, Appellant.

*Agreement by the president of a corporation to postpone the enforcement of his claim against it — not enforceable by a receiver — consideration.*

An agreement made by a creditor, the president and largest stockholder of a corporation, with a firm to which such corporation was also indebted, "in consideration of said firm's not pressing their claim to compulsory collection," that such president and stockholder would not enforce a claim existing in his favor for a balance of salary due him until after the other creditors of the corporation should have been fully paid, is not enforceable by a receiver, subsequently appointed, of the assets of such corporation, nor has the receiver a right in such a case to defer any payment to the president of the balance due him for salary until the claims of all other persons, creditors of such corporation, shall have been paid.

*Lawrence* v. *Fox* (20 N. Y., 268) distinguished.

Such agreement on the part of the president of the corporation is not enforceable by the receiver thereof, as the representative of the company or of its stockholders, nor as the representative of the particular firm, the creditor of the corporation making such agreement with its president. (Barrett, J., dissenting.)

*Semble*, that such agreement must be enforced, if at all, by the creditor of the corporation with whom it has been made, and not by the receiver thereof for the benefit of such creditor.

In such a case the agreement is too vague and indefinite for enforcement, as the firm creditor does not bind itself to refrain from proceeding against the company for any given period of time, nor is the period of forbearance by the president for the enforcement of his salary stipulated, and there is, therefore, neither a valid consideration nor mutuality.

Appeal by Robert C. Davidge from so much of an order made in the above-entitled action, April 27, 1889, and entered in the office of the clerk of the county of New York on May 15, 1889, as ordered that the receiver of the Russel Coe Fertilizer Company, upon his accounting and distribution of the assets of said company among its creditors, pay the amounts of the claims of all its creditors, excepting the claim of said Davidge, in full, or so much thereof as said assets would pay, and that the claim of said Davidge be paid only after all other claims against said company shall have been paid, and out of the residue of said assets, and from every part

of said order which postponed the claim of said Davidge, to the claims of other creditors of said company.

The order appealed from was made upon the report of a referee appointed by the court to take testimony and report concerning the dispute between the receiver of the defendant, the Russel Coe Fertilizer Company and Robert C. Davidge, touching claims of said Davidge against said company.

The referee found, among other things in his report, that the said Robert C. Davidge was president and general manager of the Russel Coe Fertilizer Company, and as such had agreed with the trustees thereof that he should receive a salary for his services at the rate of $4,000 a year; that he had acted as president and general manager of the company from about the 24th day of January, 1885, to August 25, 1886, and had drawn during said period from said company at different times various sums of money, which paid his salary up to January 1, 1886; that on or about the 25th day of August, 1886, the plaintiff Michael Snow was appointed receiver of the Russel Coe Fertilizer Company, and that the said Davidge had not been paid for the services he had rendered to the Russel Coe Fertilizer Company from January 1, 1886, to August 25, 1886, which, at the rate above mentioned, would amount to the sum of $1,945.87; and that said Davidge's services to the defendant's company were fairly and reasonably worth the sum of $4,000 per annum. The referee further found as follows:

VII. That George H. Nichols & Co. were creditors of the defendant and were pressing the company for the payment of their claims, and in the month of July, 1885, said Davidge, the defendant's president as aforesaid and its principal stockholder, agreed with said Nichols & Co. not to draw nor receive any salary from the defendant during the company's period of liquidation, in consideration of said firm's not pressing their claim to compulsory collection; that said Nichols & Co. complied with said agreement, did not sue the defendant nor collect their demands, and are now creditors of the company.

In my opinion, on the evidence taken by me pursuant to said order, Robert C. Davidge has established no valid claim against the defendant in the matter submitted to me, and is not a creditor of the said, the Russel Coe Fertilizer Company.

*F. C. Cantine,* for the appellant.

*Henry Sanger Snow,* for the respondent.

BARRETT, J.:

I agree with Mr. Justice BARTLETT that the promise alleged to have been made by Davidge to Nichols & Co. is not enforceable by the receiver as the representative of the company, or of its stockholders generally. But I cannot concur in the conclusion that such promise is enforceable by the receiver as the representative of Nichols & Co. The receiver does not represent any particular creditor, nor has he any privity in the disputes between individual creditors growing out of special arrangements between themselves, such as are set up in this proceeding.

If Nichols & Co. are entitled to exclude Davidge, or to take for themselves the whole or any part of the dividend coming to him, they must act directly.

The receiver cannot, for their benefit, avail himself of any estoppel which may have inured to them.

But, further, I am of opinion that no case for Davidge's exclusion, even as against Nichols & Co., has been made out. The agreement on that head is too vague and indefinite for enforcement. Nichols & Co. did not bind themselves to refrain from proceeding against the company for any given period, nor was the period of Davidge's forbearance, with regard to his salary, stipulated. There was neither a valid consideration nor mutuality.

Now that the company is in the hands of a receiver, I can see no good reason for discriminating between these creditors. They should share alike. Davidge's claim, however, is only for the sum of $1,945.87, that being the amount which had accrued at the date of the appointment of the temporary receiver.

The order should be reversed and the receiver directed to admit Davidge's claim to the above extent as valid, and to pay it *pro rata* with the other claims against the company.

VAN BRUNT, P. J.:

I concur with Mr. Justice BARRETT upon the ground that no valid agreement has been proven.

Bartlett, J. :

This proceeding appears to have been instituted by the receiver of the Russel Coe Fertilizer Company, an insolvent corporation, to obtain the direction of the court in respect to the payment of the claim of Robert C. Davidge. The first paper in the appeal book is a notice of motion for the appointment of a referee " to take testimony and report concerning the controversy between the said receiver and Robert C. Davidge, respecting the claim of said Davidge, submitted to the said receiver, for $3,279.20, which claim said receiver has disallowed."

Upon this notice an order was made appointing a referee " to take testimony and report the same with his opinion thereupon, touching the claims in controversy aforesaid." The evidence which appears in the appeal papers was taken before the referee, who, instead of simply reporting the same with his opinion, made findings in the form usual upon the trial of issues, followed by a conclusion of law to the effect that Robert C. Davidge was not a creditor of the defendant and had established no valid claim against the corporation. The appellant thereupon filed exceptions to certain portions of the report, and the matter was brought to a hearing at Special Term, where an order was made in effect modifying the decision of the referee that the claimant was not entitled to be paid at all, and directing that his claim be paid, if sufficient assets remained in the hands of the receiver after the payment in full of all other claims against the Russel Coe Fertilizer Company. From that portion of the order which thus postpones his claim Mr. Davidge has appealed.

The opinion of the learned judge at Special Term indicates that he regarded the view of the facts adopted by the referee in his so-called findings as substantially correct. According to these findings the trustees of the defendant corporation entered into an agreement with the appellant to pay him a salary at the rate of $4,000 a year for his services as president and general manager of the company, and a balance of $1,945.87 on account of such salary still remains unpaid. The referee's opinion that Mr. Davidge is not entitled to receive this balance in any event, and the opinion of the court at Special Term that he should receive it only after the other creditors shall have been fully paid, are based upon an agreement

which was made in July, 1885, between Mr. Davidge, the president of the corporation, and Messrs. George H. Nichols & Co., who were creditors of the Russel Coe Fertilizer Company. The firm were pressing the corporation for the payment of their claims. Mr. Davidge, the president and largest stockholder, agreed with the firm not to draw or receive any salary from the company while its affairs were being liquidated, "in consideration of said firm's not pressing their claim to compulsory collection."

George H. Nichols & Co. fulfilled their part of the agreement and did not sue the company and have not collected their demands, but still remain creditors of the corporation. The effect of this agreement, as held by the court below, was to defer any right on the part of Mr. Davidge to enforce his claim until after the payment of all other persons having claims against the corporation.

As the receiver has not appealed from any portion of the order of the Special Term, he is not in a position to attack that part of the decision which adjudges Mr. Davidge to be a creditor of the defendant. The only question which is now presented for consideration is that which arises upon Mr. Davidge's appeal, to wit, whether it was proper to postpone the payment of his claim for salary as president and general manager of the Russel Coe Fertilizer Company until all other claims against the company should have been satisfied.

The theory of the respondent is that the case is governed by the doctrine of *Lawrence* v. *Fox* (20 N. Y., 268), as that doctrine has been modified by later decisions. According to this view, the receiver, as the representative of the corporation, is entitled to enforce for its benefit the promise made by Mr. Davidge to Messrs. George H. Nichols & Co., that he would not draw any salary during the period of liquidation. The learned counsel for the respondent concedes that, to render the promise thus enforceable, however, it must appear either that some obligation or duty existed on the part of the promisee toward the third party, that is, on the part of Messrs. George H. Nichols & Co., toward the Russel Coe Fertilizer Company, or that the promisee intended that some benefit should result to the third party from the promise, that is to say, there must have been an intent by Messrs. George H. Nichols & Co. to secure some benefit to the corporation. In the case of

*Vrooman* v. *Turner* (69 N. Y., 280, 284), Judge ALLEN declares that both the obligation and intent must exist in order to give a third party a right of action on the promise. In the case at bar, however, I am unable to discover either. Certainly, the firm of George H. Nichols & Co., owed no duty to the Russel Coe Fertilizer Company, and were under no obligation to it. The duty and obligation were entirely on the other side. The firm were simply creditors of the corporation. Nor can I find anything to indicate an intention on their part to benefit the company by getting Mr. Davidge to promise not to draw any salary. Their sole purpose would seem rather to have been to benefit themselves, by thus increasing the amount applicable to the payment of their own claim ; but it is difficult to see how this arrangement could do the company any good if it still remained liable to pay Mr. Davidge's salary afterward, as the court below has held that it did.

For these reasons I do not think the promise of Mr. Davidge is enforceable by the receiver as the representative of the company or its stockholders. There is no difficulty in the way of its enforcement by him, however, to a certain extent, as the representative of the creditors of the corporation. The promise was made, not for the benefit of the creditors generally, but for the particular benefit of particular creditors, Messrs George H. Nichols & Co. The receiver represents these creditors, and it is his duty to protect their rights. They have the right to priority in payment over Mr. Davidge. They abstained from pressing their claims to a compulsory collection in consideration of his promise not to draw any salary during the period of liquidation, and he is estopped from enforcing any claim for such salary which will operate to lessen the amount receivable by them. In other words, the appellant's claim for salary must be postponed to the claim of Messrs. George H. Nichols & Co., but not to the claims of the other creditors of the Russell Coe Fertilizer Company.

This result can be brought about by paying Messrs. George H. Nichols & Co. just what they would receive if the appellant's claim of $1,945.87 were not considered as a claim against the assets in the hands of the receiver. After this has been done the appellant will be entitled to his ratable dividend like the other creditors.

The order appealed from should be modified in accordance with

the views which have been expressed, without costs to either party on this appeal.

Order reversed and the receiver directed to admit Davidge's claim to the extent of $1,945.87 as valid, and to pay it *pro rata* with the other claims against the company.