THE MUTUAL LIFE INSURANCE COMPANY of New York, Appellant, *v.* THE YATES COUNTY NATIONAL BANK of Penn Yan, Respondent, Impleaded with Others.

*Bond executed by a bank under its corporate seal — presumption of consideration and of authority in the president to execute it — when not* ultra vires.

A bond, conditioned for the payment of two mortgages on real property, executed on behalf of a bank under its corporate seal by its president, who makes an affidavit stating "that he is the president of the Yates County National Bank of Penn Yan; that the seal affixed to the foregoing instrument is the corporate seal of said bank; that the same was affixed thereto by virtue of an order of the board of directors of said bank, and that he subscribed the same by virtue of a like order of said board," is by virtue of the seal attached thereto presumed to have been given upon a sufficient consideration, which presumption is not rebutted by the testimony of one of the directors that the property was not conveyed to the bank in payment of a debt which then existed in its favor; nor is the presumption of the authority of the president to execute the bond afforded by the instrument itself overcome by proof that no resolution authorizing its execution is found in the minutes of the board of directors of the bank which were kept and produced by the above-mentioned director, nor by his further testimony that he did not know that it was executed at the time it was executed; and where the bank has acquired the title to the property, which, with other parcels, is incumbered by the mortgages, to secure the payment of which the bond is given, the bond is not *ultra vires.*

APPEAL by the plaintiff, The Mutual Life Insurance Company of New York, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of Monroe on the 26th day of July, 1897, upon the decision of the court rendered after a trial at the Monroe Special Term, stating concisely the grounds upon which the issues were decided, as adjudges and decrees "that the complaint herein be and the same hereby is dismissed as against the defendant, The Yates County National Bank of Penn Yan, and that said defendant recover of the plaintiffs herein the sum of sixty-six dollars and seventy-one cents ($66.71), its costs as taxed."

This action was begun November 12, 1896, to foreclose two mortgages executed by Michael L. Tierney and Ellen E. Tierney to the plaintiff, one dated April 8, 1887, to secure the payment of $35,000 one year after its date, with interest at the rate of six per cent per annum, payable semi-annually, and the other, dated December 12,

1887, to secure the payment of $5,000 one year after its date, with interest at the rate of six per cent per annum, payable semi-annually, and also to recover a judgment for any deficiency that might arise upon the sale of the premises against Michael L. Tierney and Ellen E. Tierney on their bonds accompanying the mortgages, and also to recover of Steven B. Ayers and Morris F. Sheppard on the bonds given by them by which they covenanted to pay the amount unpaid on said mortgages, and also to recover of the Yates County National Bank any deficiency that might arise on its bond executed March 3, 1892, to secure the payment of $40,000 on demand with interest.

April 9, 1887, Michael L. Tierney was the owner in fee of certain real estate, which on that day he mortgaged to the plaintiff to secure the payment of $35,000, according to the condition of the bond of himself and Ellen E. Tierney, bearing even date with the mortgage, by which they jointly and severally covenanted to pay said sum one year from date, with interest at the rate of six per cent per annum, payable semi-annually. The mortgage was duly recorded April 12, 1887.

December 13, 1887, Michael L. Tierney, being the owner in fee of the same premises, mortgaged them to the plaintiff to secure the payment of $5,000, according to the condition of the bond of himself and Ellen E. Tierney, bearing even date with the mortgage, by which they jointly and severally covenanted to pay the plaintiff $5,000 one year after date, with interest at the rate of six per cent per annum, payable semi-annually. This mortgage was duly recorded December 16, 1887.

October 9, 1891, Michael L. Tierney and Ellen E., his wife, in consideration of $75,000, conveyed the premises to Steven B. Ayers by a warranty deed duly recorded October 23, 1891, which grant recited that it was subject to said two mortgages. To secure the payment of these two mortgages said Steven B. Ayers, November 17, 1891, executed to the plaintiff his bond, by which he covenanted to pay the plaintiff $40,000, with interest, on demand.

November 25, 1891, Steven B. Ayers and Harriet B., his wife, conveyed an undivided one-seventh of the premises to the Yates County National Bank, which deed was duly recorded December 21, 1891, and on the same day said Steven B. Ayers and Harriet B., his wife, conveyed an undivided five-fourteenths of the mort-

gaged premises to Morris F. Sheppard, then the president of said bank, which deed was duly recorded December 21, 1891.

March 3, 1892, the Yates County National Bank executed and delivered its bond, under its corporate seal, to the plaintiff, by which it covenanted to pay to the plaintiff $40,000, the amount due on said bonds and mortgages, on demand, with interest. When this bond was executed the bank was the owner of an undivided one-seventh of the mortgaged premises.

March 3, 1892, Morris F. Sheppard executed his bond to the plaintiff as collateral to the bonds and mortgages given by Michael L. Tierney, by which he covenanted to pay the plaintiff $40,000, the amount due on said bonds and mortgages. When this bond was executed he was the owner of five-fourteenths of the mortgaged premises.

March 22, 1892, Steven B. Ayers and Harriet B., his wife, conveyed an undivided one-half of the mortgaged premises to Francis M. McDowell, which deed was duly recorded March 25, 1892.

July 1, 1892, Francis M. McDowell, Eva S., his wife, the Yates County National Bank, Morris F. Sheppard and Sarah, his wife, conveyed, by their several deeds, their entire interest in said mortgaged premises, being the whole thereof, to the Rochester Realty Company, by three deeds, which were duly recorded August 22, 1893.

July 1, 1892, the Rochester Realty Company executed to Hanford Struble, as trustee, a mortgage upon said premises to secure the payment of $36,500, which was duly recorded August 5, 1893.

March 16, 1895, the Rochester Realty Company executed and delivered to the plaintiff a bond as collateral to the bonds and mortgages given by Michael L. Tierney, by which it covenanted to pay to the plaintiff $40,000, the amount due on said bonds and mortgages. When this bond was executed the Rochester Realty Company was the owner of the whole of the mortgaged premises.

*Henry G. Danforth,* for the appellant.

*Huson & Dwelle,* for the respondent.

FOLLETT, J. :

All the defendants except the Yates County National Bank made default, and a judgment was entered foreclosing the mortgages and

for any deficiency that might arise on the sale of the premises against the defaulting defendants, who had covenanted to pay the mortgage debt. The Yates County National Bank defended the demand for a judgment against it for any deficiency that might arise on the sale of the mortgaged premises on three grounds :

(1) That there was no consideration for its bond.

(2) That its president, who executed the bond, had no authority to execute it.

(3) That it was without power to incur the obligation represented by the bond, and that the execution of it was *ultra vires.*

Does the evidence contained in the record authorize the conclusion that there was no consideration for the bond ?

The bond is not a mere obligation to pay the debt of Michael L. and Ellen E. Tierney, a contract of guaranty or of suretyship, but it is an original undertaking on the part of the bank to pay a debt which was a specific lien on its realty. ( *Winfield* v. *Potter,* 10 Bosw. 226; S. C., 24 How. Pr. 446; *Prime* v. *Koehler,* 7 Daly, 345; affd., 77 N. Y. 91; *Mutual Life Ins. Co.* v. *Hall,* 31 App. Div. 574.)

The bond is under the corporate seal of the bank, which is " presumptive evidence of a sufficient consideration." (Code Civ. Proc. § 840.) The seal of a corporation like the seal of an individual when affixed to a contract is presumptive evidence of a sufficient consideration for the contract. (*Sturtevants* v. *The City of Alton,* 3 McLean, 393, 395; *Royal Bank of Liverpool* v. *Grand Junction R. R. & Depot Co.,* 100 Mass. 444; Thomp. Corp. § 5105; Jones R. R. Securities, § 189; 1 Wat. Corp. 318, § 99.)

The bond being under seal and importing a consideration, the defendant was bound to allege in its answer, which it did, a want of consideration, and by affirmative evidence rebut the presumption arising from the presence of the seal. This burden was on the defendant, which, I think, it failed to sustain. No witness testified that there was no consideration for the bond, nor was any evidence given of the circumstances under which it was executed from which the presumption of a consideration was overthrown. The defendant called but a single witness, who was, at the date of the bond, a director of the bank, and also clerk of its board of directors. His examination was for the purpose of showing that the execution of

the bond was not authorized by a resolution of the board of directors. He testified that he knew that the bank had an interest in this property, though there was nothing in the book of minutes to show it, and that he knew of the conveyance of the mortgaged property to the bank and by the bank. He testified that it was not conveyed to the bank in payment of a debt which then existed in its favor, which is the only fact remotely relating to the question of consideration, which is altogether insufficient to rebut the presumption arising from the corporate seal that there was a sufficient consideration for the bond.

Was the execution of the bond authorized by the board of directors of the bank?

The bond was executed by the chief executive officer of the bank, under its corporate seal, who made an affidavit wherein he stated "that he is the president of the Yates County National Bank of Penn Yan; that the seal affixed to the foregoing instrument is the corporate seal of said bank; that the same was affixed thereto by virtue of an order of the board of directors of said bank, and that he subscribed the same by virtue of a like order of said board." The seal and the affidavit were *prima facie* evidence of the authority of the president to execute the bond. (*Lovett* v. *The Steam Saw Mill Association*, 6 Paige, 54; *Hoyt* v. *Thompson*, 5 N. Y. 320, 335; *Trustees Canandaigua Academy* v. *McKechnie*, 90 id. 618; *New England Iron Co.* v. *Gilbert Elevated R. R. Co.*, 91 id. 153; Thomp. Corp. § 5029.) To overcome this presumption, a director of the bank, who acted as clerk of the board of directors and kept a record of the minutes of the board, testified that the board did not, to his knowledge, pass any resolution or take any action in regard to the execution of the bond. He produced the records of the board, and testified that he found no resolution therein authorizing the execution. He testified that he knew the bank had an interest in this real estate, and that there was nothing in the book of minutes of the board showing that the property was purchased or conveyed by the bank. He testified that he knew of the conveyance of this property to the bank and by the bank; knew that the bond was sent to the bank for execution, but he did not know that it was executed at the time it was executed. No other directors were sworn, and I think this negative evidence of a want of knowl-

edge on the part of the witness was not sufficient to overcome the presumption arising from the seal and the affidavit of the president, coupled with the fact that the bank afterwards, on July 1, 1892, conveyed its interest in the property.   Showing that there was no recorded vote does not overcome the presumption.  (*Hart* v. *Stone*, 30 Conn. 94; *Northern Central Ry. Co.* v. *Bastian*, 15 Md. 494; *Fidelity Co.* v. *Railroad Co.*, 32 W. Va. 244; Thomp. Corp. §§ 5106, 5107.)

Was the execution of the bond *ultra vires ?*

The presumption is that all contracts made by corporations are within their power, unless the contrary appears on the face of the contract, or unless it is shown affirmatively, by way of defense, that the corporation had no power to make the contract.  (Morse Banks & Banking, § 56, and cases cited.)   The bond was but a covenant to pay a sum specified, evidently given because the bank was the owner of an interest in the mortgaged premises.   A national bank having acquired the title to realty incumbered by a mortgage has power to pay it and discharge the lien.   It would not be contended that such an act is beyond the power of a bank, and I am unable to see why the covenant of a bank to pay a lien on its land at a future day, or on demand, is beyond its power.

The plaintiff abstained from foreclosing these mortgages for more than four years after the bond was given, and in the meantime the bank conveyed the mortgaged premises, and technical defenses not clearly established will not prevail.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.