(58 App. Div. 352.)

RECKNAGEL v. STEINWAY et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

1. PLEADINGS—CONTRACTS—SEALED INSTRUMENTS—CONSIDERATION — PRESUMPTION—ISSUE.

Under 2 Rev. St. p. 406, § 77, providing that in every action on a sealed instrument the seal thereof shall only be presumptive evidence of a sufficient consideration, which may be rebutted in the same manner and to the same extent as if the instrument were not sealed, an issue as to the consideration of a sealed agreement set out in the complaint, which recites a consideration of one dollar and other considerations, is not raised by a mere denial that the agreement was entered into "for a good and valuable consideration."

2. SAME—SEPARATE DEFENSES.

Under Code Civ. Proc. § 507, providing that each defense must be separately stated, all the denials and allegations of several separate defenses cannot be incorporated into each separate defense by prefacing each with a statement that the pleader repeats and insists on each and every allegation and denial contained in each such defense, and makes such allegations and denials a part of the defense to which the preface is attached, since allegations or denials in one defense can be incorporated into another only by specifically referring thereto.

3. SAME.

Where there is no issue as to the consideration for a contract to pay certain sums to a daughter-in-law and her children for their support, and in which she agrees not to enforce or collect any decree for alimony against the promisor's son, an answer alleging that she had no such decree to enforce creates no defense to an action to recover the sums promised, and a demurrer thereto should be sustained.

4. SAME—FRAUD.

An answer alleging that, at the time the contract sued on was made, plaintiff and her husband collusively and fraudulently arranged for her to go to another state and procure a divorce, and that without the knowledge of her father-in-law she was engaged to be married to another man, states no defense to an action on a contract by the father-in-law to pay certain sums for the support of plaintiff and her children, since such allegations do not show that the execution of the contract was induced by fraud.

**5. SAME.**

Plaintiff and her father-in-law entered into an agreement by which he agreed to pay certain sums quarterly to trustees for her and her children's support until the youngest child was 21. After his death, in an action against his executors to recover such sums, defendants alleged that their testator, prior to the agreement, procured insurance on the life of plaintiff's husband for the benefit of his estate, and paid the premiums until the death of the insured, and his son's executors had received the proceeds of the policy; also that their testator intended to make a gift to his son of certain stock, which intention had not been carried out, the stock being retained to enable him to pay the sums promised under the agreement out of the stock dividends, and defendants believed plaintiff claimed for herself and her children some interest in the stock if it should be adjudged that the gift of the stock was perfected. *Held*, on demurrer, that the facts stated in the answer constituted no defense, since the insurance was procured before the agreement was made, and is not referred to therein, and it was not alleged that plaintiff had any interest therein, and the gift of stock had no relation to the execution of the agreement.

**6. PLEADINGS—DEMURRER—LEAVE TO AMEND AMSWER—EXECUTORS.**

Where, in an action against executors to enforce a contract made by their testator, a demurrer to their answer is sustained, and the answer may be so amended as to put plaintiff's right to recover in issue, the interlocutory judgment sustaining the demurrer should permit them to serve an amended answer on payment of costs.

Appeal from trial term.

Action by Ottilie C. Recknagel against Charles H. Steinway and others. From an interlocutory judgment sustaining demurrers to separate defenses (68 N. Y. Supp. 957), defendants appeal. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

G. W. Cotterill, for appellants.

R. Burnham Moffat, for respondent.

INGRAHAM, J. The action was brought to recover upon a contract under seal, dated June 24, 1895, by which the defendants' testator agreed to pay to the defendant Roesler and another, as trustees, annually, a sum of money for the support of the plaintiff and her children. The contract recites that the plaintiff is the wife of one George A. Steinway, a son of the defendants' testator; that said George A. Steinway was unable to support and maintain the plaintiff and to support, maintain, and educate the children of the said George A. Steinway and the plaintiff, and that the defendants' testator was desirous of maintaining and supporting the plaintiff, and of supporting, maintaining, and educating the said children; and that "in consideration of the premises, and of the covenants hereinafter contained, and of the sum of one dollar by each party to the other in hand paid, the receipt whereof is hereby acknowledged," the defendants' testator "agrees to pay over to August Roesler and Louis Von Bernuth, as trustees of and for the use of the party of the second part [the plaintiff], the sum of six thousand dollars per annum from the first day of July, one thousand eight hundred and ninety-five, to the first day of July, one thousand eight hundred and ninety-eight, in quarterly payments of fifteen hundred dollars each on the first days of July, October, Janu-

ary, and April in each of said years, for the support and maintenance of the said party of the second part, and for the support, maintenance, and education of" the children of the said George A. Steinway and the plaintiff; and thereafter, from the 1st day of July, 1898, until the said Gertrude Margunits, the youngest of the said children, or the last survivor of said children, should arrive at the age of 21 years, "to pay unto the said August Roesler and Louis Von Bernuth, as trustees as aforesaid, the sum of seven thousand five hundred dollars annually, in quarterly payments of one thousand eight hundred and seventy-five dollars each on the first days of July, October, January, and April in each of said years." The plaintiff covenanted and agreed that she would support and maintain herself and support, maintain, and educate the said children, and provide a home for them, out of the proceeds of the sums agreed to be paid to the said trustees for her benefit, in such manner as should be most advisable for the welfare of herself and the said children; and further agreed that she would not enforce or attempt to enforce any judgment, order, or decree of any court or judge entitling the plaintiff to recover or collect from the said George A. Steinway any alimony, allowance, or other provision for the support and maintenance of herself, or for the support, maintenance, and education of the said children. It was also provided that the agreement should be binding upon the heirs, executors, and administrators of the defendants' testator. The two trustees also executed an instrument whereby they agreed to carry out and perform all the covenants and conditions pursuant to the terms of the above agreement to be carried out and performed. The defendant executors, by their answer, admitted the execution of the agreement that the plaintiff was the wife of the said George A. Steinway, and that since the death of the defendants' testator they had neglected to pay the said quarterly payments for the reason that they owed no duty to do so. There was no allegation of the complaint denied except the allegation that defendants' testator, "for a good and valuable consideration," entered into the agreement. The defendants then set up four separate and distinct defenses, to each of which the plaintiff demurred, and, the demurrers being sustained, the defendant executors appeal.

To support this appeal the defendants attack the complaint, claiming that it does not set up a cause of action, in that the agreement sued on is without consideration, and therefore cannot be enforced. The agreement is under seal. There is no allegation in the answer that the agreement was without consideration, the defendants attacking the sufficiency of the cause of action alleged upon the ground that the consideration expressed in the agreement is not a sufficient consideration to support the covenants to pay. It seems to me that the learned counsel for the appellants fails to properly appreciate the legal presumptions that apply to a covenant under seal. At common law the consideration of a sealed instrument could not be inquired into. The seal imports a consideration. Johnson v. Miln, 14 Wend. 198. This rule, however, was changed by the Revised Statutes, wherein it was provided that in every action upon a sealed instrument the seal thereof shall only be presumptive evidence of a sufficient consideration, which may be rebutted in the same manner and to the

same extent as if such instrument were not sealed. 2 Rev. St. p. 406, § 77. The effect of that provision "undoubtedly is to put the defense to actions upon bonds and other sealed instruments, so far as relates to a partial or a total want of consideration, on the same footing as if the suit was brought upon a promissory note or other instrument not under seal, and which purported to have been founded upon a good or valuable consideration, except so far as relates to the form of pleading or of setting up such defense. * * * If there is a total want of consideration, the defendant may either plead that defense in bar of the action, or give it in evidence under a notice upon a plea denying the execution of the instrument declared on. A partial failure of consideration, however, cannot be pleaded in bar under these statutory provisions, for the presumption of a sufficient consideration can only be rebutted in the same manner and to the same extent as if the instrument declared on was not sealed." Tallmadge v. Wallis, 25 Wend. 114. For this provision of the Revised Statutes was substituted section 840 of the Code, which provides that "a seal upon an executory instrument, hereafter executed, is only presumptive evidence of a sufficient consideration, which may be rebutted as if the instrument was not sealed." The instrument being under seal, consideration was presumed. The fact that there was a consideration must be presumed upon demurrer. That presumption, however, may be rebutted as if the instrument was not sealed. It seems to have been the rule that, in order to attack the consideration to an instrument not under seal, purporting to have been executed upon a good consideration, it is incumbent on the defendant previous to the trial to give distinct notice to the plaintiff's attorney to prove the consideration; that notice must be given within a reasonable time before the trial. Saund. Pl. & Ev. 305. Under the provisions of the Code, where the instrument is under seal, it seems to have been held that the defendant, in order to attack the consideration, must allege that the instrument was without consideration; or, in other words, a want of consideration is an affirmative defense, which must be alleged and proved by the defendant. Mutual Life Ins. Co. v. Yates Co. Nat. Bank, 35 App. Div. 218, 54 N. Y. Supp. 743; Hazelton v. Webster, 20 App. Div. 186, 46 N. Y. Supp. 922; Torry v. Black, 58 N. Y. 188. The complaint therefore alleges a good cause of action, and upon demurrer to the several separate defenses it must be determined whether each of them as alleged is sufficient in law upon the face thereof. Code Civ. Proc. § 494. It is well settled that each separate defense must be complete in itself, and that such a defense will be adjudged bad on demurrer unless the fact alleged constitute a defense to the cause of action, or some part thereof. The pleader in this case has prefaced each separate defense with a statement that for a separate and distinct defense "they repeat, reiterate, and insist upon each and every of the denials heretofore set forth in this amended answer, and repeat, reiterate, and insist upon each and every of the allegations contained in the second, third, and fourth defenses of this amended answer, and make the said denials and the said allegations, and each of them, a part of this first defense, with the same force and effect as if the same were herein specifically set forth";

thus by a general allegation attempting to import into each separate
defense all of the allegations of the answer which are denials of the
facts alleged in the complaint or allegations of fact constituting sepa-
rate defenses.   Such an attempt to import into a separate defense the
other allegations of the answer constituting denials or other specific
defenses violates the provisions of the Code of Civil Procedure (sec-
tion 507) that each defense or counterclaim must be separately stated
and numbered, and is distinctively bad pleading.   While it is not al-
ways necessary to repeat in a special defense an allegation of fact or
denial otherwise expressly alleged in the answer, yet where it is
sought to make as a part of a separate defense a specific denial or
an allegation of a specific fact otherwise alleged, the particular denial
or fact thus sought to be incorporated must be specified.   As, how-
ever, no material fact required to be alleged in the complaint was de-
nied by the answer, and as we think these four defenses, whether
taken separately or together, "are insufficient in law on the face there-
of," the question as to the form of the defenses is not material.

The first defense alleged, in substance, that there never was any
judgment, order, or decree of any court or judge entitling the plaintiff
to recover or collect from her husband, George A. Steinway, any ali-
mony, allowance, or other provision for the support and maintenance
of herself, or for the support, maintenance, and education of the chil-
dren of the said George A. Steinway.   As a consideration for the
contract was presumed, it is no defense to an action upon the con-
tract that the plaintiff never obtained a judgment against George A.
Steinway compelling him to support herself and her children.   If, in
this action, the consideration of the contract could be inquired into,
and the plaintiff relied upon her relinquishment of the right to en-
force a judgment or decree against George A. Steinway as a consid-
eration for the agreement, the allegation that there was no such judg-
ment or decree would present for determination the question as to
whether, in the absence of such a decree, the agreement of the plain-
tiff not to enforce such a decree furnished a consideration.   But as
the question of consideration cannot, under the pleadings, be inquired
into, it is entirely immaterial whether or not there was such a de-
cree; and the fact that there was not such a decree was, therefore,
no defense to the action, it only being material upon the question of
consideration, and upon the pleadings as they stand a consideration
is presumed.

The second defense alleged that at the time of making the agree-
ment sued on it "was collusively and fraudulently arranged and
agreed by and between the plaintiff herein and her husband, the said
George A. Steinway, that she should proceed to the city of Fargo, in
the state of North Dakota, and procure an absolute divorce from the
said George A. Steinway, on grounds which are not allowed by, and
are in violation of, the laws of the state of New York"; that in pur-
suance of this agreement the plaintiff did go to the state of North
Dakota, and commence an action for divorce; that George A. Stein-
way appeared by attorney, and filed an answer; that subsequently the
court of North Dakota granted a decree of divorce, and that said de-
cree was collusively and fraudulently obtained, and all the proceed-

ings in said action were carried out with the intent to violate the laws of the state of New York and of the state of North Dakota, and to commit a fraud upon said court; that at the time the plaintiff entered into the agreement alleged in the complaint she was engaged to be married to one Carl Recknagel, of the city of New York, and was thereafter married to him in the month of December,.1895; and that the fact of such engagement and intended marriage was concealed from the said William Steinway at the time the said alleged agreement was entered into. We cannot see that these facts have any possible relation to the right of the plaintiff to recover upon the agreement set forth in the complaint. There is nothing to justify a finding that this agreement was induced by fraud. Whether or not George A. Steinway and the plaintiff had agreed that a collusive suit should be brought in the state of North Dakota by which the plaintiff was to obtain a divorce, and whether or not such an agreement was in violation of the laws of the state of New York, or carried out with intent to violate these laws, has certainly no relation to the enforcement of this agreement. An agreement formally and intelligently executed under seal is certainly not voided by the mere allegation that a fact which might have influenced one of the parties to the agreement, if it had been known, was concealed from him. To avoid a contract for such a reason, there must be an allegation which would justify a finding that the contract was void for fraud. There is certainly nothing here alleged that would justify such a finding.

The third defense is that before the making of the agreement the defendants' testator procured to be issued by a life insurance company a policy of insurance in the sum of $30,000 upon the life of the said George A. Steinway, and paid all premiums upon the said policy to the time of his death, and that by reason thereof the executors of the said George A. Steinway collected and received the proceeds of the said policy. But we cannot perceive that this fact has any possible relation to the enforcement by the plaintiff of this agreement sued on. There is nothing in the pleadings to show that the plaintiff will receive any benefit from such policy. The executors of George A. Steinway are not parties to this action, and there is no connection shown between the execution of the agreement and the procurement or issuance of the policy described. The policy is alleged to have been issued prior to the making of the agreement in suit. The defendants' testator must have known of the fact that he had obtained such a policy when he made the agreement, and, as there is no mention of the policy in this agreement, how its existence could in any way affect the enforcement of the agreement it is impossible to see. We think, therefore, that this third defense is clearly bad.

What is said as to the third defense applies to the fourth. It is there alleged that the defendants' testator intended to make a gift to his son, George A. Steinway, of 500 shares of stock of the corporation of Steinway & Sons, but that such intention was never carried out, and that William Steinway retained the said shares of stock to enable him, by reason of the dividends he would receive thereon, to make the various payments under the alleged agreement; and that the defendants are informed and believe that the plaintiff, on behalf of

herself and her children, claims the said stock, or some interest there-. in, if it should be adjudged that the gift of the said stock was perfected. The intention to make a gift of this stock has absolutely no relation to the execution of the agreement; but, if it had, the allegation that the intention to give was never carried out makes the intention to give the stock entirely immaterial. We think, therefore, that the judgment sustaining the separate defenses to these demurrers should be affirmed.

The interlocutory judgment contains no leave for the defendants to serve an amended answer, and, while it is difficult to see how either of these specific defenses could be amended so as to be a good defense, as the defendants wish to raise the question of the consideration of the agreement, but because of a failure to allege that the agreement was without consideration that question is not at issue, and as these appellants are defending the action in a representative capacity, we think they should have the right to serve an amended answer, so as to allow them to raise the question as to the existence of a consideration for the covenant of the defendants' testator. We think the interlocutory judgment should be modified by allowing the defendant executors within 20 days to serve an amended answer upon payment of costs in the court below, and, as so modified, the judgment should be affirmed, with costs to the respondents to abide the event.

RUMSEY, PATTERSON, and HATCH, JJ., concur.

VAN BRUNT, P. J. The agreement which forms the basis of this action seems to have been intended as a substitute for a decree awarding to the wife of George A. Steinway a certain sum to be paid by the husband for the support of herself and her children, and its consideration was apparently the relinquishment upon the part of the wife, for herself and her children, of the right to enforce from time to time this obligation. It appears to have been the intention to substitute the liability of William Steinway under the agreement for the obligation of the husband. The agreement was, therefore, a continuing agreement, dependent for its vitality upon the continuance of the obligation of George A. Steinway, the release of which formed its consideration. I do not think that it could for a moment be contended that, if George A. Steinway had procured a decree of divorce in this state against the plaintiff, and had the custody of the children awarded to him, the plaintiff could have continued to enforce the payments under this agreement, because the obligation of George A. Steinway to support the plaintiff, which was the consideration for the agreement, would then have ceased. And so, when that obligation is ended by death, it may be a serious question whether, the continuing consideration which supports the agreement having failed, the obligations of the agreement have not also ceased. This agreement being apparently a substitute for a decree awarding alimony to the plaintiff for the support of herself and her children, and such a decree ending with the death of George A. Steinway, it might be argued that the consideration fell in the same way. If this is not the true construction of the relation of the parties, then the plaintiff and her children upon

the death of George A. Steinway would have the benefit of the enjoyment of his estate, and also of the income derived from this agreement, which was given to them because they did not enjoy the support, etc., which they were entitled to from George A. Steinway or his estate, he being alive. It may also be a question whether, by the Dakota divorce, the obligations of the agreement were not ended because of the failure of the consideration. Certainly, after that time she could not call upon George A. Steinway for support, although his children might do so. As far as the relations between the plaintiff and George A. Steinway were concerned, they were severed by that decree as effectually as they would have been by death. Kinnier v. Kinnier, 45 N. Y. 535. And this consideration emphasizes another view which might be taken in respect to this agreement, and that is, it may be doubtful as to whether the plaintiff could barter away the rights of her children for an adequate support from their father. It is undoubtedly true that in decrees for alimony the award is usually made to the wife in case she is the successful party, and the custody of the children given to her; the award being made for her support and for the care, custody, and maintenance of the children. But such allowances are always subject to the supervision of the court; and if there is a change in the circumstances of the husband, making a more liberal allowance their just right, the court has the power so to give it. Could the plaintiff, therefore, bar her children, in case they were entitled to a more liberal support than that provided for in this agreement, from asserting this right, and insisting upon maintenance upon the part of their father? Manifestly not. The agreement, if valid, therefore would seem to be of that character that, in case the circumstances of the husband grew worse, so that he could not be called upon to give a support equivalent to that furnished by the agreement, the agreement could be maintained; but, if there were such a betterment in his circumstances as entitled his children to a more liberal allowance for their support, education, and maintenance, then the agreement would be no protection. This view is emphasized by the fact that the decree of divorce in the state of Dakota, which relieved George A. Steinway from the obligation to his wife, did not relieve him from his obligation to his children. It seems to me that these suggestions raise questions as to the sufficiency of the consideration for this agreement which the defendants ought to be allowed to present to the court for adjudication. Under the pleadings as they stand the question of the sufficiency of the consideration of the agreement cannot be presented. Section 840 of the Code of Civil Procedure reads as follows: "A seal upon an executory instrument, hereafter executed, is only presumptive evidence of a sufficient consideration, which may be rebutted, as if the instrument was not sealed." In view of the previous history of legislation upon this subject, it would seem that this question of want of consideration, where the instrument sued upon is a sealed instrument, is a matter of affirmative defense, and must be alleged. It is certainly more of an affirmative defense than that of the statute of frauds, which must be pleaded, as has recently been held by our courts. I therefore concur in the opinion of Mr. Justice INGRAHAM.