THE ROYAL BANK OF CANADA, Respondent, v. HAL H. WILLIAMS, Appellant.

First Department, June 3, 1927.

Pleadings — answer — action on guaranty agreements — denial of any knowledge or information sufficient to form belief as to allegations that defendant made, executed and signed guaranty agreements was properly stricken out as frivolous — agreements were under seal and it was not necessary to allege consideration in complaint — however, complaint alleged consideration — denial of consideration is equivalent to affirmative plea of want of consideration — alleged consideration for agreements included future loans, payment of which were guaranteed by defendant — denial of any knowledge or information sufficient to form belief as to allegation of consideration is proper in form and raises issue — defenses that plaintiff failed to perform agreement to finance corporation, whose loan was guaranteed "in a proper manner" and to finance friendly receiver are insufficient in law — defendant permitted to serve amended answer.

This is an action on three guaranty agreements executed by the defendant and another under seal, guaranteeing to repay loans made by the plaintiff to a Canadian corporation. Denial of any knowledge or information sufficient to form a belief as to the allegations that the defendant made, executed and signed the agreements was properly stricken out as frivolous for the facts are presumptively within the knowledge of the defendant.

Since the agreements were under seal, it was not necessary for the plaintiff to allege a valuable consideration. But since the plaintiff did allege that the agreements were executed for a valuable consideration, a denial thereof in the answer is equivalent to an affirmative plea of a want of consideration and raised an issue thereof.

The existence of a valuable consideration was not presumptively within the knowledge of the defendant for the agreements guaranteed future loans, so that a denial of any knowledge or information sufficient to form a belief as to the allegations of a valuable consideration was sufficient in form to raise an issue thereon and it was improper to strike the denial from the answer.

A defense and counterclaim was insufficient in law which alleged a breach of an agreement by the plaintiff to finance the Canadian corporation, whose loans were guaranteed, with such funds as might be necessary to carry on its business " in

a proper manner." The agreement as alleged was too indefinite to constitute a contract.

Furthermore, a defense and counterclaim was insufficient in law which alleged that after the plaintiff had failed to carry out an agreement to finance the corporation, it breached another agreement with the defendant that if the defendant would agree to a friendly receivership, the plaintiff would then finance the receiver so that the receiver could run the business of the corporation. Said alleged agreement was likewise too indefinite to constitute a contract.

However, since the defendant may be able to cure the indefiniteness in an amended answer, permission to serve one is granted by the Appellate Division.

APPEAL by the defendant, Hal H. Williams, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of September, 1926, granting plaintiff's motion to strike out paragraph 1 of the amended answer under rule 103 of the Rules of Civil Practice, and to dismiss the counterclaims and strike out certain defenses under subdivisions 5 and 6 of rule 109 of the Rules of Civil Practice.

*Frank W. Jackson,* for the appellant.

*Lionel S. Popkin* of counsel [*Eben C. Gould* with him on the brief; *Hirsch, Sherman & Limburg,* attorneys], for the respondent.

FINCH, J. Certain denials in an answer, together with two separate defenses and counterclaims, have been stricken therefrom by order of the Special Term, upon motion, prior to the trial. Hence this appeal.

The complaint is based upon three written agreements, under seal, signed by the defendant and another, to repay loans by the plaintiff to a corporation. These agreements are annexed to the complaint. Paragraphs III, IV and V of the complaint, respectively, alleged that these agreements were made, executed and signed by the defendant and another. The defendant has denied any knowledge or information sufficient to form a belief as to the allegations in these paragraphs. Such denials were properly stricken out as frivolous. The facts are presumptively within the knowledge of the defendant. (*Rochkind* v. *Perlman,* 123 App. Div. 808; *Dahlstrom* v. *Gemunder,* 198 N. Y. 449.) Nor does it avail the defendant to urge that the documents are several years old and hence that he has forgotten whether he had signed them or not. Under the circumstances his duty is to know the facts where they are at hand and accessible. Among the beneficent provisions of the Civil Practice Act is one affording this remedy (Civ. Prac. Act, § 327), which was wisely taken over from the English Rules of the Supreme Court (Order 31, rule 15), even if at a late date.

Taking up now paragraph VI of the complaint, as to which

a denial in similar form was stricken out, this paragraph is as follows:

" Under the terms of said written guaranty agreements (Exhibits A, B and C), the defendant Hal H. Williams, and said Rice jointly and severally, for a valuable consideration, undertook and agreed to guarantee, and guaranteed, payment of any and all sums loaned or which might be loaned by the plaintiff to Lummi Bay Packing Company, Limited, and defendant agreed thereunder to repay to plaintiff said sums upon demand, without prior recourse by plaintiff against said Lummi Bay Packing Company, Limited."

In striking out the denial of this paragraph the learned court at Special Term was in error, since the plaintiff, by the paragraph quoted, has alleged that there was a valuable consideration. Such an allegation, namely, " for a valuable consideration," is an allegation of an ultimate fact. Formerly there was a conflict in the authorities in this State as to whether this allegation was a conclusion of law or the pleading of an ultimate fact (*Neukirch* v. *McHugh*, 165 App. Div. 406; *St. Lawrence County Nat. Bank* v. *Watkins*, 153 id. 551), but it was settled that the allegation was one of ultimate fact in *California Packing Corporation* v. *Kelly S. & D. Co.* (228 N. Y. 49), where Judge Pound, for a unanimous court, after calling attention to the conflict in the authorities, wrote: " We are of the opinion that the allegation is sufficient, as ' a plain and concise statement ' of the ultimate, principal and issuable fact of consideration, to permit the proof of the facts showing the actual consideration." The rule is well settled that where a complaint is based upon an instrument under seal or which imports a consideration, proof of want of consideration may not be given under a general denial, but must be affirmatively pleaded as a defense. (*Recknagel* v. *Steinway*, 58 App. Div. 352, 356; *Sprague* v. *Sprague*, 80 Hun, 285; *Ryan* v. *Sullivan*, 143 App. Div. 471, 474; *National Citizens' Bank* v. *Toplitz*, 178 N. Y. 464.) Where, however, in such an action as in the case at bar the complaint in addition specifically alleges a consideration, a denial thereof contained in the answer is equivalent to an affirmative plea of want of consideration. As Judge Cullen, later chief judge, wrote, for a unanimous court, in an analogous case involving the Statute of Frauds (*Brauer* v. *Oceanic Steam Navigation Co.*, 178 N. Y. 339, 343, 344): " It is urged that the defendant is not in a position to raise this objection, the statute not having been pleaded. Ever since the decision in *Crane* v. *Powell* (139 N. Y. 379) the law has been settled in this State, whatever uncertainty there may have been on the subject before, that to avail himself of the defense of the Statute of Frauds the defendant must in a proper case plead the statute. * * * This,

however, the defendant has sufficiently pleaded, for it has specifically denied the allegation of the complaint that a written contract was executed."

Although the plaintiff did not have to prove consideration in order to make out his cause of action, yet when he alleged that the instruments were given for a valuable consideration and the defendant denied that he had any knowledge or information sufficient to form a belief thereof, this was sufficient to raise the issue that there was no valuable consideration and permit the defendant to prove the same at the trial. The form of the denial as to a valuable consideration, namely, that the defendant had no knowledge or information sufficient to form a belief, was permissible. The existence of a valuable consideration was not presumptively within the knowledge of the defendant, either because of the nature of the act (as in the case of the signing of the guaranties by the defendant), or because otherwise shown by the plaintiff. Indeed the nature of the transactions alleged tends to show that the consideration was not within the knowledge of the defendant since it consisted of loans made to a third party subsequent to the execution of the guaranties. In view of the denial by the defendant of the loans alleged to have been made by the plaintiff in paragraph VII of the complaint, for the recovery of which loan the plaintiff is suing, the denial of paragraph VI of the complaint does not assume much importance. The defendant, however, is entitled to the benefit thereof. This denial, therefore, was erroneously stricken from the answer, and the order appealed from should be modified accordingly.

Taking up now the two defenses and counterclaims which have been stricken out. In the second defense and counterclaim the defendant has pleaded in effect that the plaintiff made an agreement with the defendant that if the defendant would obtain a release from the American Lummi Bay Packing Company of the debt which the Canadian Lummi Bay Packing Company owed to the American company, and if the defendant would also release his personal claims against the Canadian company, the plaintiff "would then finance the Canadian company with such funds as were essential and necessary to carry on its business *in a proper manner* and thereby enable the Canadian company to liquidate its indebtedness to the plaintiff and to the other creditors and thereby release the defendant from his endorsements on the Canadian company paper." (Italics not in original.) It is then pleaded that the defendant, pursuant to this agreement, obtained the releases and that the plaintiff failed to carry out its agreement with the Canadian company and "failed and refused to finance the Canadian com-

pany with such funds as were essential and necessary to properly carry on the business." By way of a third separate defense and counterclaim, the defendant alleges that after the plaintiff had failed to carry out its promises to the defendant in connection with the Canadian company, as above set forth in the second defense and counterclaim, it thereafter further agreed with the defendant that if the defendant would agree to a friendly receivership, the plaintiff "would then finance the receiver so that the said receiver could run the business and thereby enable the Canadian company to liquidate its indebtedness to the plaintiff and other creditors and thereby release the defendant from his endorsement on the Canadian company paper." That in accordance with these representations and promises the defendant consented to the appointment of a receiver, but that the plaintiff failed to "finance the Canadian company with funds reasonable and necessary to properly carry on its business; that the plaintiff did not cooperate either through the receiver or otherwise in the conduct of the business with the defendant as it agreed to do   *   *   *." These alleged agreements, as set forth practically in the words of the defendant, are too indefinite and uncertain to constitute a contract. Nothing is said as to any of the essential terms of the proposed loans, namely, length of time to run or amount of security to be given, to say nothing of the amount of the loans to be made. Who could say what funds were essential and necessary to carry on the business *in a proper manner and thereby enable the Canadian company to liquidate its indebtedness?* In the event of a dispute between the Canadian company and the plaintiff as to what was a proper manner of carrying on the business so as to enable the Canadian company to liquidate its indebtedness, by what measure would the proposed conduct of the business be judged? The business carried on in a proper manner from the viewpoint of the plaintiff might well be a very improper manner as viewed by the Canadian company. There is even no allegation that the business was to be carried on as it had theretofore been carried on. The Canadian company could say to the plaintiff that the manner in which the business had theretofore been carried on had resulted in the bringing of the company to a receivership and if it had been carried on in a proper manner as outlined by the company now, it would prosper and liquidate its indebtedness. So, too, the receiver might insist that his method of carrying on the business would enable the receiver to run the business so as to liquidate its indebtedness, whereas the plaintiff bank might well say that its manner of advancing funds to run the business would be in accordance with the way that the business had theretofore been run. Such language is too

indefinite and uncertain to hold the plaintiff in damages for its refusal to advance funds, either for the Canadian company or for the receiver of the Canadian company. The authorities appear practically unanimous in holding that language even less indefinite is still too uncertain and indefinite. In *Jones* v. *Vance Shoe Company* (115 Fed. 707, 709), relied upon by the learned justice at Special Term, the agreement was " to provide as a loan   *   *   * whatever additional capital is needed to provide a working fund." The court said: " How long credit was to be given, what the rate of interest, and what security for the repayment of the loans? None of these things are provided for in the contract, and it would be quite impossible for a court or jury to determine them and so make a contract for the parties. The proper management of a corporation is in the hands of the directors. The scope of the business, the amount of money required to conduct it, the wisdom and propriety of borrowing money at all for that purpose, and how long to continue the borrowing, would belong exclusively to them. But there is no allegation that they determined on anything *   *   *." Appellant urges that the agreement was necessarily indefinite because of the nature of the business of the Lummi Company, to wit, that its business was the packing of salmon and that this business being seasonal, its success depended upon its ability to pack all the fish it could during the short packing season and sell the pack during the balance of the year. In the answer there is no allegation of the nature of the business, but even if there were this allegation alone would not seem to cure the unenforcibleness of the agreement because of the indefiniteness of the other terms thereof as alleged. In *United Press* v. *New York Press Co.* (164 N. Y. 406) an executory contract to furnish news items at a price " not exceeding three hundred dollars during each and every week " was held to be indefinite as to price. In *Snow* v. *Russel Coe Fertilizer Co.* (58 Hun, 134) an agreement between two creditors to forebear collection for a time not specified was held too indefinite to permit a recovery. In *Flaherty* v. *Cary* (62 App. Div. 116) a contract to form a corporation and secure employment of plaintiff as a general agent of the corporation was held unenforcible because indefinite. Upon this ground the striking out of these separate defenses and counterclaims should be sustained.

Should the defendant be permitted to serve an amended answer?

He urges that the amount of money necessary depended only upon whether the run of salmon was large or small. In his pleading, however, defendant has not restricted the uncertainty even to this extent. It does appear, however, by an itemized list of loans annexed to the complaint that the plaintiff claims to have

made loans in a certain and definite manner. It may be that the defendant is in a position to allege in an amended answer such facts as may cure the agreements relied upon of their indefiniteness. In order to afford such an opportunity to the defendant, if the facts exist, the order appealed from should be modified so as to permit the service of an amended answer.

It, therefore, follows that the order appealed from should be modified by denying the motion to strike out the denial to paragraph VI of the complaint and to permit the defendant to serve an amended answer, upon payment of taxable costs to date, and as so modified affirmed, with ten dollars costs and disbursements to the respondent, with leave to defendant to serve said amended answer within ten days from service of the order to be entered hereon upon payment of said costs.

DOWLING, P. J., MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with ten dollars costs and disbursements to the respondent, with leave to defendant to serve amended answer within ten days from service of order upon payment of said costs.