T. Roy Peyton, Respondent, v. The Stuyvesant Insurance Company, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ.

The People of the State of New York, Respondent, v. David Bernstein, Appellant.— Motion for reargument of motion to dismiss appeal denied. Motion for leave to appeal to the Court of Appeals granted, the following question to be certified: Was it error for the Appellate Division to have dismissed, for want of power to entertain, the appeal from the order of the County Court denying the motion to dismiss the indictment upon the ground of insufficient evidence before the grand jury? Present — Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ.

The People of the State of New York, Respondent, v. Nathaniel N. Holzer, Appellant.— Motion to dismiss appeal denied, time to perfect and argue appeal enlarged, and case ordered on the calendar for Monday, May eleventh. Present — Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ.

The People of the State of New York, Respondent, v. Lester Smoil, Appellant, and Another, Defendant.— Motion to vacate order dismissing appeal dismissed. Present — Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ.

Harold E. Bischoff and Helen F. Bischoff, as Executors, etc., of Bernhard Bischoff, Deceased, Appellants, v. Isadore Holding Corporation and Others, Defendants, and Morris Baskin and Max Shapiro, Respondents. (Action No. 1.) — Order reversed upon the law, with ten dollars costs and disbursements, and motion to strike out the answer granted, with ten dollars costs. Paragraph 1 in the answer, wherein the answering defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs 4, 6 and 8 of the amended complaint, is frivolous and ineffective to raise any issue, for the reason that defendants were bound to have information of the facts within their knowledge and those of public record (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *Royal Bank of Canada* v. *Williams*, 220 App. Div. 603; *Rochkind* v. *Perlman*, 123 id. 808); and the portions of the answer contained in paragraphs 2 to 12 are insufficient in law as a defense in that they seek to charge the plaintiffs with the primary duty of making payment of the taxes or seeing that they are paid by the owner, and in exercising their option to foreclose immediately upon default in payment of taxes. The duty of payment of taxes rests upon the owner, and the mortgagee is not required to exercise his option of accelerating payment immediately upon default. (*Wheeler & Wilson Mfg. Co.* v. *Howard*, 28 Fed. 741; *Adler* v. *Berkowitz*, 254 N. Y. 433.) Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.