Shankland, J.
 

 delivered the opinion of the court.
 

 We are of opinion that, in this state, the rule is fully settled, and should be adhered to, that where the defendant is sued upon a contract, and
 
 desires to set
 
 up in defence a partial want, or failure, of consideration, in mitigation of damages, he must give notice thereof. This principle was expressly adopted as early as 1814, by the supreme court of this state in the case of
 
 Runyan
 
 v.
 
 Nichols,
 
 (11
 
 John.
 
 609,) and was again impliedly sanctioned in 1816, in the case of
 
 Beecker & Beecker
 
 v.
 
 Vrooman,
 
 (13
 
 id.
 
 302.) The practice of giving notice in such cases was followed in
 
 Spalding
 
 v.
 
 Vandercook,
 
 (2
 
 Wend.
 
 431,) and the necessity of giving notice of such a defence is recognized in
 
 Burton
 
 v.
 
 Stewart,
 
 (3
 
 id.
 
 236;) R
 
 eab
 
 v.
 
 McAlister,
 
 (8
 
 id.
 
 109;)
 
 Barber
 
 v.
 
 Rose,
 
 (5
 
 Hill,
 
 76,) and some other cases which are reported. See also,
 
 Sedgwick on the Measure of Damages,
 
 456.
 

 After so long an adherence to a rule which is just in itself, and so well calculated to effectuate the object of all pleading, viz. to apprize the opposite party of the true grounds of dispute, it is too late to inquire as to the origin of the rule, or whether it is supported by English precedents.
 

 The two patents formed one entire consideration for the note. Both were transferred to the defendant by one instrument, and for one sum. That one of the patents was of no value, does not establish a total want of consideration for the note. It is a defence to the amount the two patents assigned to the defendant are worth less than they would have been if both had beén new and useful inventions. But being matter in mitigation of damages only, no real distinction exists between this and a case where but one article is sold, as the consideration
 
 *159
 
 for a promise. The case of
 
 Parish
 
 v.
 
 Stone,
 
 (14
 
 Pick. Rep.
 
 198,) cited by the appellant’s counsel, has no bearing upon the point in judgment in this cause. The point discussed and decided in that case was, that where a promissory note is given upon two distinct and independent considerations, one of which is valid, and the other not, the note will be apportioned, and the holder will recover to the extent of the valid consideration, and no further; and where the parts of the note are not respectively liquidated and definite, the question, what amount was founded on one consideration, and what on the other, is to be settled by the jury upon the evidence. No question was raised as to the
 
 necessity of a notice of the defence,
 
 in order to its admission in evidence. That case originated in the probate . court, and the question was as to the
 
 character
 
 of the defence, rather than the
 
 manner
 
 in which it was to be introduced, so as to be made available. It is possible, that where a note is given for two distinct, liquidated sums, consolidated, and the consideration is wholly wanting, or has wholly failed as to one, the court would permit the evidence to be given without notice, on the ground of a total want, or failure, of consideration, as to that part. But that is a different question from the one presented in this cause, and not necessary to be decided.
 

 New trial denied.1