DAVID H. SPRAGUE, Respondent, *v.* EDWARD SPRAGUE, as Administrator, etc., of DAVID H. JOURNEAY, Deceased, Appellant, Impleaded, etc.

*Bills and notes — general denial — issue made thereby — a promissory note imports a consideration — burden of proof.*

Where an answer to a complaint on a promissory note is in effect a general denial it puts in issue all the facts that the plaintiff is bound to prove to make out his cause of action.

A promissory note, whether it expresses value received or not, imports a consideration, and the burden rests upon the defendant in an action brought thereon to prove that the fact is otherwise; where the answer does not set up want of consideration as a defense there is no such question in issue; the fact that the payee of the note was the maker's mother does not take the case out of the operation of the rule.

APPEAL by the defendant, Edward Sprague, as administrator, etc., of David H. Journeay, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 28th day of September, 1893, upon the verdict of a jury rendered after a trial at the Richmond Circuit, and also from an order entered in said clerk's office on the 20th day of October, 1893, denying the defendant's motion for a new trial.

*C. D. Van Name,* for the appellant.

*Louis L. Philips,* for the respondent.

BROWN, P. J.:

This action is brought upon a promissory note made by the defendant's intestate. The answer denied the making and delivery of the note and any indebtedness thereon.

The main question of fact litigated upon the trial was as to the authenticity of the note, and the verdict of the jury has, upon ample testimony, determined that question in the plaintiff's favor. The question of consideration did not arise upon the pleadings. The answer was in effect a general denial, and that put in issue all facts which plaintiff was bound to prove to make out his cause of action. (*Milbank* v. *Jones*, 141 N. Y. 340.)

A promissory note, whether it expresses value received or not, imports a consideration, and the burden rests upon the defendant to prove the fact otherwise. (*Carnwright* v. *Gray*, 127 N. Y. 92.)

As the answer did not plead that defense the court was correct in its charge that there was no question of that kind in issue. The fact that the payee of the note was the maker's mother did not take the case out of the operation of the rule cited.

Exception was taken to the admission of certain specimens of the deceased's handwriting, and also to the evidence of Edward Sprague that the signature to the note was that of the deceased. This witness testified that he never saw the deceased write, but he narrated occasions when he received receipts and other papers from him under circumstances which left no doubt that they were written by the deceased.

In our opinion the witness was qualified to express an opinion as to the genuineness of the signature to the note, and the papers were properly admitted in evidence for the purpose of comparison.

The statute (Chap. 555, Laws 1888) makes such writings admissible when " proved to the satisfaction of the court to be the genuine handwriting'" of the person who it is claimed executed the disputed instrument. And if this witness was to be believed no reasonable doubt existed as to the genuineness of the papers admitted. No other question requires notice.

The judgment and order must be affirmed, with costs.

DYKMAN and LANDON, JJ., concurred.

Judgment and order affirmed, with costs.