(39 Misc. Rep. 746.)

ROCKEFELLER et al. v. ST. REGIS PAPER CO. (two cases).

(Supreme Court, Special Term, St. Lawrence County. February, 1903.)

1. JUDGMENT—VACATING—SPLITTING DEMANDS—MISTAKE.

A contract permitted a corporation to cut timber from certain lands, and, a dispute having arisen, the owner of the lands sued the corporation in December for the value of so much timber as had been cut up to October 1st, and recovered judgment. Thereafter a second action was brought by him for the value of the timber cut on the same lands in October and November. Held, that the first judgment would be vacated, to the end that it might not be a bar to the second action, plaintiff supposing when he brought the first action, when payment was also due for the timber cut in October and November, that such sum would be paid without any controversy, there being no dispute as to the amount.

Actions by William Rockefeller and John P. Kellas against the St. Regis Paper Company. Motion to vacate judgment in one action and consolidate the two actions. Granted.

John W. Geneway (Thomas Cantwell, of counsel), for plaintiffs.
Henry Purcell and Elon R. Brown, for defendant.

KELLOGG, J. This is a motion to vacate and set aside the judgment in action No.·1, and consolidate the two actions into action No. 1. Action No. 1 was brought to recover of the defendant the amount due the plaintiffs upon a contract for timber cut and removed from their land in the amount of $5,030, being for the cuttings and the

payments due to October 1, 1902. The action was brought December 22, 1902, after a dispute had arisen as to the amount of cutting and the amount due plaintiffs to October 1st. The defendant appeared in said action December 26, 1902, and offered judgment for $3,768.55 December 28th. No answer being interposed, judgment was entered for the plaintiffs January 15, 1903, for $5,115.22, which judgment was paid to the sheriff January 19, 1903, and the execution duly returned satisfied. Action No. 2 was begun January 9, 1903, to recover for the cutting during the months of October and November, being the payments due on said contract up to December 1, 1902. On the 27th day of January, 1903, the defendant answered in action No. 2, setting up the judgment in action No. 1 and payment of the execution in bar of the plaintiffs' claim.

It is apparent that both actions are brought to recover the moneys due upon the same written instrument, and all the moneys sought to be recovered in actions No. 1 and No. 2 were in fact due and payable when action No. 1 was brought. It would seem that action No. 1, with the recovery therein and execution satisfied, would be a complete bar to action No. 2. Jex v. Jacob, 19 Hun, 105; O'Beirne v. Lloyd, 43 N. Y. 248; Lorillard v. Clyde, 122 N. Y. 41, 45, 25 N. E. 292, 19 Am. St. Rep. 470. While the moving papers do not concede that fact, and assume that this motion is made for the purpose of preventing delay, there being no other defense to the recovery sought in action No. 2, the real basis of the motion is the assumption that the proceeding in action No. 1 is a defense in the second action. The defendant contends that there is no mistake, or fraud, or inadvertence, which justify this motion; that one of the plaintiffs is a prominent attorney, learned in the law; and that he did, in the splitting of this demand and the bringing of the two actions, just what he intended to do, and that, therefore, no relief can or should be granted him. The only real excuse offered by the plaintiffs for the situation is that there was an honest dispute as to the cutting and the amount due up to October 1st, and that said first action was brought to settle that dispute; but that up to that time no discussion had been raised, or in fact ever was raised, as to the cutting sought to be recovered for in action No. 2, or the amount due therefor, but that, after the first action was begun, correspondence began as to the October and November cutting, and the defendant simply delayed paying, and finally, upon January 9th, this second action was brought; and the October and November cuttings were not embraced in the first action, as plaintiffs assumed they would be paid for without controversy, and that action was unnecessary.

This is not a case where a party elects between remedies which are in themselves inconsistent, so that in choosing one remedy he voluntarily abandons the other, and where such election once made is conclusive upon him forever—as, for instance, where a sale of goods is induced by fraud, and plaintiff, with the knowledge of the facts, elects to sue for the contract price, and thereby affirmatively waives the right to retake the goods; or where a party whose goods are wrongfully converted waives the tort, and sues for the purchase price upon an implied contract of sale. McNutt v. Hilkins, 80 Hun, 235,

29 N. Y. Supp. 1047. But the defense in action No. 2 is that the plaintiff has split an entire demand, and that but one action can be brought upon the same cause of action. While that is a complete legal defense while the judgment stands, it is still in the province of a court of equity to relieve the party who has made such a mistake, rather than forfeit the balance of his claim. And this motion is a proper method for such relief. In Jex v. Jacob, supra, the plaintiff demurred to an answer setting up a prior judgment under facts somewhat analogous to those at bar, and the demurrer was overruled; but without prejudice to the right to apply at Special Term to vacate the former judgment, recognizing that as the only and proper remedy for the plaintiff to pursue. It is true that upon that motion, made at the Special Term of the New York Common Pleas (7 Abb. N. C. 460) the motion was denied, and the court seemed to think that, after a party had made a choice, he should not be allowed to revoke it. But the fact remains that that decision was really placed upon the ground that more than a year had elapsed before the motion was made, and it was, therefore, too late under section 1282 of the Code; and also upon the ground that by plaintiff's delay and other proceedings in the action after the defense was interposed the defendant had altered his position in the matter, and that furnished a reason for not granting the motion. We do not consider that case in the Common Pleas as any authority against the plaintiffs' position in this case. Hatch v. Central National Bank, 78 N. Y. 487; Shaw v. Broadbent, 129 N. Y. 114, 124, 29 N. E. 238. Here, unless such relief is granted to the plaintiffs, they lose $26,251.21, which, so far as appears before the court, is justly due them, and should be paid by the defendant, aside from this technical objection. It would, therefore, seem that the power of this court should be exercised to relieve the plaintiffs from their mistake. An order will therefore enter vacating and setting aside the judgment and execution in action No. 1 upon the return of the money paid by the defendant, with interest thereon, or, in case of its refusal to accept the same, that it be paid into court for its benefit, and consolidating the said two actions into action No. 1, and authorizing an amended pleading to be served, the plaintiffs to pay $10 costs of this motion and $50 costs and allowance in said action.

Ordered accordingly.