(87 App. Div. 81.)

### ROGERS v. POLYTECHNIC INSTITUTE OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.   October 16, 1903.)

1. ATTORNEY AND CLIENT—EMPLOYMENT—CONTRACT FOR SERVICES—CONSIDERA-
    TION.
        Where an attorney brought a claim due by a city to defendant to the
    latter's attention, prepared and filed an affidavit as the basis of its asser-
    tion, adjusted the amount with the city officials, and thereby rendered
    services of some value, facilitating and expediting the collection of the
    claim, defendant's contract to pay plaintiff one-half of the amount col-
    lected for his services was not void for want of consideration by reason of
    the fact that the money would ultimately have been paid by the city vol-
    untarily.

Appeal from Municipal Court of New York.

Action by John J. A. Rogers against the Polytechnic Institute of
Brooklyn.   From a Municipal Court judgment in favor of plaintiff,
defendant appeals.   Affirmed.

Argued before JENKS, WOODWARD, HIRSCHBERG, and
HOOKER, JJ.

R. Percy Chittenden, for appellant.

Fred L. Gross, for respondent.

HIRSCHBERG, J.   The plaintiff is an attorney at law, and was
employed by the defendant to collect from the city of New York
certain overpaid water rates, in consideration of which he was to re-
ceive one-half of the sum collected.   The contract is in writing, signed
by the president of the defendant on its behalf.   It was prepared by
the defendant, and the essential part is as follows:

"You are hereby authorized to collect the sum you referred to as due the
Polytechnic Institute from the city for upwards of two years (overpaid to the
city in the past); it being understood and agreed that the Institute is to be liable
to no expense or trouble in the matter, in consideration of which circumstances,
and of your services, we agree to pay you one-half the amount you shall collect
on the claim referred to."

The amount collected by the plaintiff and paid to the defendant was
$230, but the defendant insists that the plaintiff's services were wholly
unnecessary, inasmuch as the city authorities intended to refund the
money in any event, and would have done so without the intervention
of a lawyer.   The defendant's president testified that, before he signed
the contract, he had a conversation with the plaintiff by telephone, as
follows:

"He then told me it was a claim against the city for a refund of water taxes
to which we were entitled, and I think he mentioned the period covered and
specifically the amount.   Then I asked him if that was recovery from the city
which we could not obtain without his services.   I said: 'If this is a claim
which will come back to us without your intervention, we ought not to pay you
for it,' and he said that it was a matter which he had learned in the course of
his investigation, and that he had other clients with similar claims—'a number
of clients with similar claims.'   I said on that understanding I would sign and
forward the agreement, which is embodied to that extent in the letter signed
by me."

It appeared that the plaintiff did have other clients with similar
claims, and that he had investigated and ascertained the amounts due

them. He denied that his employment by the defendant was based on any assurance by him that the rebate could not be collected without his intervention, nor was it distinctly testified to on behalf of the defendant that he did give any such assurance. The finding of the court below in favor of the plaintiff upon the facts is not one which should be disturbed as contrary to the evidence or the weight of evidence, and no exception was taken by the defendant upon the trial.

It is not claimed that the contract is unconscionable, or that it was procured by fraudulent representations. The appellant's claim is that, if the money would have been refunded in any event, the contract is void for want of consideration. The plaintiff concededly brought the claim to the defendant's attention, prepared and filed an affidavit as to the basis of its assertion, adjusted the amount with the city officials, and in that manner rendered services of some value in facilitating and expediting the collection; even assuming that the amount would have been paid to the defendant some day without the presentation of a claim. The only defense set up is a general denial. A good consideration is expressed in the contract, and it is very doubtful whether a partial failure of consideration can be established under the general issue. Eldridge v. Mather, 2 N. Y. 157; Dubois v. Hermance, 56 N. Y. 673. See, also, Runyan v. Nichols, 11 Johns. 547; Rittenhouse v. Creveling (Sup.) 14 N. Y. Supp. 85; Sprague v. Sprague, 80 Hun, 285, 30 N. Y. Supp. 162; Springer v. Dwyer, 50 N. Y. 19; Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.