### RYAN v. SULLIVAN.

(Supreme Court, Appellate Division, First Department. March 24, 1911.)

1. EVIDENCE (§ 423\*)— PAROL EVIDENCE — VARYING CONTRACT — PROMISSORY NOTES.

    Parol evidence was not admissible that under the agreement between the parties defendant was not to pay the note sued on, but that it was to be paid from the funds of a company in which plaintiff was interested.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1957–1965; Dec. Dig. § 423.\*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BILLS AND NOTES (§ 519*)—ACTIONS—ADMISSION OF EVIDENCE—CONDITION-
AL DELIVERY.
   Evidence in an action on a note that the note was to be paid from the
funds of a company in which plaintiff was interested did not show that
it was delivered conditionally, or was not intended to have the effect of
a note.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1802;
Dec. Dig. § 519.*]

3. BILLS AND NOTES (§ 493*)—CONSIDERATION—PRESUMPTIONS.
   In view of Negotiable Instruments Act (Consol. Laws, c. 38) §§ 20, 320,
defining a negotiable instrument and a promissory note, respectively, and
Negotiable Instruments Law, § 50, providing that every negotiable instru-
ment is deemed prima facie to have been issued for a valuable considera-
tion, such presumption arises, though there is no recital of a valuable
consideration in the note.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–
1662; Dec. Dig. § 493.*]

4. PLEADING (§ 129*)—ADMISSIONS—FAILURE TO DENY—LEGAL CONCLUSION.
   A legal conclusion alleged in the complaint is not admitted by a fail-
ure to deny.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec.
Dig. § 129.*]

5. PLEADING (§ 129*)—ACTIONS—ADMISSION—CONSIDERATION.
   Since want of consideration for a negotiable note must be specially
pleaded and cannot be proved under a general denial, failure of the an-
swer to deny the making of a note is not an admission that it was given
for value.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec.
Dig. § 129.*]

6. EVIDENCE (§ 423*)—PAROL EVIDENCE—PROMISSORY NOTE—ACCOMMODATION
NOTE.
   Parol evidence is admissible to show that a note was given for the
payee's accommodation.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1962; Dec. Dig.
§ 423.*]

7. EVIDENCE (§ 423*)—PAROL EVIDENCE—CONSIDERATION OF NOTE—ACCOMMO-
DATION PAPER.
   In an action on negotiable notes which recited that they were given for
value, the complaint alleged the making and delivery of the notes, but
did not allege that they were given for value. Defendant offered evidence
that the notes were given for plaintiff's accommodation, and also of an
agreement between defendant and a company of which plaintiff was
president, whereby it agreed to pay defendant a certain sum each month
on account of his interest in another contract, and that plaintiff agreed,
on the company's failure to pay such installments, to have discounted
notes made by defendant payable to plaintiff's order, and to deliver the
proceeds to defendant and to pay the notes out of the company's money,
and charge the proceeds against its debt to defendant, and that, if the
company could not meet the notes at maturity, defendant would take
them up and hold them until reimbursed from its funds, and that the
notes sued on were made pursuant to such agreement. *Held*, that the
evidence was admissible as a defense to show that the notes were given
for plaintiff's accommodation.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1962; Dec.
Dig. § 423.*]

8. EVIDENCE (§ 420*)—PAROL EVIDENCE—CONDITIONAL DELIVERY.
   Evidence is admissible in an action on a negotiable note that it was not
to be used as a note if another note was discounted, in order to show

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that there was not an unconditional delivery with intention that the note should become binding.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944; Dec. Dig. § 420.*]

Ingraham, P. J., and Scott, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Patrick Ryan against Cornelius J. Sullivan. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Ambrose G. Todd (Eli J. Blair, on the brief), for appellant.
William L. Bowman, for respondent.

LAUGHLIN, J. ·The plaintiff has recovered on three promissory notes made by the defendant to the order of the plaintiff payable at the Oriental Bank, New York City. The first note bears date June 13, 1907, and was for 4 months, the second bears date October 28, 1907, and was for a like period, and the third is dated January 13, 1908, and was payable in 30 days. The plaintiff does not set out the notes in his complaint, nor does he allege that. they were given for value. The notes all recite that they were given for value, but the allegations of the complaint are confined to the making and delivery of three promissory notes for the amounts and on the dates and for the periods specified and an allegation that thereby defendant promised to pay to the plaintiff the respective amounts. The answer contains no denial of any of the allegations of the complaint, but it is therein alleged as a defense, first, that each of the notes was made for the benefit and accommodation of the plaintiff, and that at the time of making the same it was agreed between plaintiff and defendant that the plaintiff, and not the defendant, should pay the same. The defendant pleads as a further defense an agreement in writing between him and the Ryan-Parker Construction Company, a New Jersey corporation of which the plaintiff was president, executed on the 3d day of May, 1906, wherein and whereby in consideration of services rendered and to be rendered by the defendant the company agreed, among other things, to pay and advance to the defendant on account of his interest in another contract therein referred to the sum of $1,000 per month, and he alleges that for a short time the monthly payments were made, and then the company was unable to continue to make the payments, and the plaintiff, on account of his interest in the company, agreed that, if defendant would make his promissory notes to the order of the plaintiff, he would have the same discounted and have the proceeds delivered to the defendant for his use, and would pay the notes as they fell due out of the moneys of the company, and charge the same against the amounts owing by the company to the defendant, and further alleges that, in the event that the company

should not have sufficient funds to meet the notes at maturity, he would take up the notes at the bank where they were discounted, and hold them until he could obtain reimbursement from the funds of the company when they would be taken up by the company and charged to the defendant's account; that the notes upon which the action was based were made pursuant to that agreement; that the indebtedness of the company to defendant largely exceeded the amount of the notes; and that the company had ample funds with which to pay the notes at all times since plaintiff took them up from the bank where they were discounted. On the trial the court received, under objection and exception taken by counsel for plaintiff, the testimony of the defendant tending to establish the facts set forth in the answer as defenses, subject, however, to a motion to strike it out, and, after receiving it, struck it out and an exception was duly taken by the defendant. We are of opinion that this ruling requires a new trial.

[1] Of course, parol evidence to the effect that the defendant was not to pay his own note, and that it was to be paid from the funds of the Ryan-Parker Construction Company, in and of itself tended to vary the terms of the notes, and would have been inadmissible for that reason. Jamestown Business College v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. [2] Manifestly this evidence did not tend to show that the notes were delivered conditionally, or were not intended to have effect as notes, and therefore the evidence was not admissible on that theory. Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985; Niblock v. Sprague, 200 N. Y. 390, 93 N. E. 1105; Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32. [7] I am of opinion, however, that the evidence was admissible to establish the first defense pleaded, namely, that the notes were given for the benefit and accommodation of the plaintiff. The fact that the defendant did not deny any of the allegations of the complaint is not an admission that there was a good consideration for the notes. [3] As already observed, the complaint neither sets forth the notes in hæc verba nor contains an allegation that they were given for value or that there was any consideration therefor, and while it is true that a presumption arises, and doubtless without a recital to that effect in the notes (sections 20 and 320, Negotiable Instruments Law [chapter 38 of the Consolidated Laws]), that they were given for value, and that there was, therefore, a good consideration (section 50, Negotiable Instruments Law; Carnwright v. Gray et al., 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424), yet the defendant could not deny the making of the notes, and he was not called upon to deny, nor could he deny, the allegation that he therein promised to pay the plaintiff the amount specified if that allegation is to be deemed an allegation of fact with respect to the contents of the notes, [4] and, if it is to be deemed an allegation of a legal conclusion with respect to the effect of the notes, then it is not admitted by a failure to deny it. [5] It is well settled, however, that proof of want of consideration may not be given under a general denial, but must be specially pleaded (Dubois v. Hermance, 56 N. Y. 673; Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424;

Sprague v. Sprague, 80 Hun, 285, 30 N. Y. Supp. 162; Eldridge v. Mathus, 2 N. Y. 157), and it follows I think that, if a general denial does not put in issue the consideration, a failure to deny the making of a note does not constitute an admission that the notes were given for value or debar the defendant from setting up failure of consideration as a defense, for that question only becomes an issue by being thus presented by the answer. Sprague v. Sprague, supra. Hence I think that the giving of a promissory note may be admitted, and that the defense of want of consideration or that it was made for the benefit and accommodation of the plaintiff may be interposed. See Daniel on Negotiable Instruments (5th Ed.) §§ 174, 189.

[6] It is well settled that parol evidence is admissible to show that a promissory note was given by the maker for the accommodation of the payee, the effect of which is to show that there was no real consideration therefor. Sprague v. Sprague, supra; Higgins v. Ridgway, supra; Carnwright v. Gray, supra; Beacon Trust Co. v. Robbins, 173 Mass. 261, 53 N. E. 868; Stapylton v. Teague, 85 Fed. 407, 29 C. C. A. 229; Evansville Nat. Bank v. Kaufmann et al., 93 N. Y. 273, 290, 45 Am. Rep. 204; Daniel on Negotiable Instruments (5th Ed.) §§ 174, 189. It seems to me that if, when an installment became due to the defendant from the Ryan-Parker Construction Company under the contract set up in the answer, the plaintiff who claimed to dominate and own the construction company saw fit, as the testimony of the defendant indicates, to meet its obligation individually and to look to the company for reimbursement rather than have his company embarrassed by an action, no objection to that course is apparent. He could either advance the money or raise the money on his own note, or on a note given by the defendant for his accommodation, in thus securing his company against an action to enforce the obligation. If he had paid the money, it is perfectly clear that he would not recover it, and if he had given his own note, and it had been discounted and he had been obliged to take it up, he could not maintain an action against the defendant thereon. I am of opinion that for the same reason he cannot maintain this action. If these views be sound, then the testimony of the defendant which was stricken from the record tended to establish a defense to all of the notes.

Another theory would probably render this testimony admissible to establish a defense to two of the notes. The note of June 13, 1907, was never discounted, and the testimony of the defendant shows that he received no consideration therefor, although it appears on its face to be the obligation of the defendant, who says that it is one of two notes for the same amount bearing the same date which were made by him with the understanding that only one of them was to be used and to become of force, and this testimony is rendered probable by the fact that every other note made by either party relating to the matter of the indebtedness of the Ryan-Parker Construction Company was according to the testimony of the defendant, which could have been readily disproved on this point if not true, discounted, and this note was not. [8] With respect to this note therefore, the effect of the testimony of the defendant is that it was executed and delivered on

the understanding that it was not to be used provided the other note bearing the same date was discounted, and this would bring it within the rule, to which reference has been made, that it may be shown that there was not an unconditional delivery of the note with the intention that it should become a binding obligation, were it not for the fact that its execution and delivery are admitted; but, if the plea that the notes were accommodation paper be equivalent to a plea of want of consideration, then that defense would seem to be established as to this note for defendant according to his testimony received no consideration for it. With respect to the note of January 13, 1908, it appears that it relates back through a series of renewals to a note for the same amount executed by the plaintiff and indorsed by the defendant and discounted at the same bank and the proceeds credited to the account of the defendant. Manifestly the plaintiff could not have maintained an action against the defendant on the note of which he himself was the maker, and which according to the testimony of the defendant was given on account of the obligation owing by the Ryan-Parker Construction Company to the defendant. When that note fell due, according to the testimony of the defendant, a note for the same amount was made by him to the order of the plaintiff, but he does not say why he, instead of the plaintiff, became the maker. This note was discounted in the same manner and the proceeds were credited to the account of the defendant, and, according to his testimony, he drew a check against that account for the payment of the plaintiff's note. It thus appears that the first series of notes, of which the note of January 13, 1908, was the last, was made to pay the plaintiff's obligation, and was so used. It cannot be said, therefore, that the defendant received any consideration for that note, and, according to the testimony of the defendant, each successive note in that series thereafter was discounted and the proceeds placed to his credit, and the note falling due at the time was paid by his check on the same account. While, therefore, in form he immediately received the consideration on the discount of the last note of this series by the credit of the proceeds to his account, in fact, he received no consideration, because, except in form, the original position of the parties had not according to the testimony of the defendant changed, and it was the same as if the renewal notes had followed the form of the original note, and had been made by plaintiff and indorsed by defendant.

With respect to the second note, which was the last renewal of a series of notes of the same amount, the facts are quite different. The first note of that series was made by the defendant and was discounted and he received the proceeds of the discount, and therefore, with respect to that note, he has no defense excepting on the theory that it was made for the benefit and accommodation of the plaintiff, and that he, in fact, received no consideration therefor, for the reason that he made it to enable the plaintiff to pay an existing indebtedness on the part of the Ryan-Parker Construction Company to him, which the plaintiff evidently, according to the testimony of the defendant, preferred to pay rather than have his company sued.

It follows, therefore, that the judgment and order should be re-

versed and a new trial granted, with costs to appellant to abide the event.

CLARKE and MILLER, JJ., concur.

INGRAHAM, P. J. I concur with Mr. Justice LAUGHLIN that there must be a new trial of this case on the ground that there was evidence that the note of June 13, 1907, was without consideration, and that the note of January 13, 1908, was also without consideration, for the reasons stated by Mr. Justice LAUGHLIN in his opinion. I dissent, however, as to the competency of the evidence to affect the liability of the defendant as to the second note sued on.

The evidence is undisputed that by that note the defendant promised to pay to the plaintiff the sum specified; that that note was actually discounted for the benefit of the defendant; that he received the proceeds thereof; and the rule that parol evidence could not be received to contradict the express provisions of a written instrument prevented the defendant from proving that the note by which he promised to pay the plaintiff a sum of money at a specified time was without consideration because when the note was given the plaintiff promised to pay it when due.

SCOTT, J., concurs.