which imports a legal obligation to provide them.   McGuire v. Hughes, 207 N. Y. 516, 101 N. E. 460, 46 L. R. A. (N. S.) 577, Ann. Cas. 1914C, 585.   In order to support such a liability of a person under no legal obligation to provide the services of a physician, there must be an express promise on the part of such person to pay for the services, made before the services are rendered.

The plaintiff recognizes this rule, and that a wife is under no legal obligation to provide such services for her husband out of her own estate, but relies upon an alleged express promise of the defendant to pay for the services.   The evidence of such express promise by the defendant is the testimony of the plaintiff that at the time when he commenced the services he had a joint conversation with the defendant and her husband, the patient, in which they said:

"Doctor, you are the one we have confidence in, and we want you to visit me, or the sick one, three times daily, and we will pay you for everything you do for us."

He was asked to state exactly what each party said, and replied:

"They all talked.   They were both talking together.   I cannot separate them."

The defendant denied that she made any statement in regard to payment for the plaintiff's services, and testified that there were several other doctors in the room, who were all talking in consultation, and she had nothing to say to any one.

Resolving this issue of fact most favorably to the plaintiff, I am of the opinion that the testimony does not show an express promise by the defendant to be individually personally responsible for the debt. Assuming that the wife said, jointly with her husband, "We will pay you for everything you do for us," I think that under the circumstances here disclosed the "we" clearly referred to the family, and to the husband as the responsible head of the family.   In the absence of a separate statement by the wife, saying "I will pay you," or words to that effect, no express promise on the part of the wife to be personally liable for the doctor's fees could be found.

The judgment appealed from should be reversed, and a new trial granted, with $30 costs to the appellant to abide the event.   All concur.

---

(93 Misc. Rep. 1)

MECHANICS & METALS NAT. BANK OF CITY OF NEW YORK v. TERMINI.

(Supreme Court, Appellate Term, First Department.   December 28, 1915.)

1. BILLS AND NOTES ⬥⇒476—PLEADING—ABSENCE OF CONSIDERATION—STATUTE.

Negotiable Instruments Law (Consol. Laws, c. 38) § 54, providing that absence or failure of consideration is a matter of defense against any person not a holder in due course, does not require absence of consideration for a check to be pleaded as an affirmative defense; the section expressing a principle of substantive law, and not a rule of pleading.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1519-1521, 1523, 1557; Dec. Dig. ⬥⇒476.]

---

⬥⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BILLS AND NOTES ⬤═⇒476—PLEADING—ABSENCE OF CONSIDERATION—"DE-
FENSE."
In suit on a check, where defendant's answer denied the allegation of
the complaint that defendant made the check "for value received," but
alleged "that said check was not given for value received," want of con-
sideration was pleaded as defense, since a denial is a "defense."
[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1519–
1521, 1523, 1557; Dec. Dig. ⬤═⇒476.
For other definitions, see Words and Phrases, First and Second Series,
Defense.]

3. PLEADING ⬤═⇒360—STRIKING SEPARATE DEFENSE—EFFECT.
In suit on a check, the answer alleged "that said check was not given
for value received," but was obtained by defendant by fraud, deceit, and
misrepresentations, "as hereinafter more particularly set forth," referring
to a separate defense which was stricken on the ground of insufficiency
because, though defendant alleged that he gave the check on the false
representation of the payee that he was solvent, in exchange for two
drafts, the answer did not state on whom the drafts were drawn, etc.
Held, that the allegation of absence of value received was not so con-
nected with the statement that the check was obtained by fraud, "as here-
inafter more particularly set forth," that the two phrases could not be
read separately as an affirmative allegation of absence of consideration,
and that the answer pleaded a separable allegation that the defendant
received no consideration for making the check.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1129–1146;
Dec. Dig. ⬤═⇒360.]

4. BILLS AND NOTES ⬤═⇒493—PRESUMPTION OF CONSIDERATION—STATUTE.
In suit on a check, merely putting the instrument in evidence with
proof of its genuineness is prima facie evidence that the check was is-
sued for value and that the plaintiff is a holder in due course, as de-
fined by Negotiable Instruments Law, §§ 91, 98.
[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–
1662; Dec. Dig. ⬤═⇒493.]

5. BILLS AND NOTES ⬤═⇒497—PRESUMPTION OF HOLDING IN DUE COURSE—
WANT OF ORIGINAL CONSIDERATION—STATUTE.
In suit on a check, proof of want of original consideration for the
making of the instrument will not affect the prima facie presumption that
plaintiff holds bona fide, under Negotiable Instruments Law, §§ 94, 98,
regulating when title to an instrument is defective, and who are holders
in due course.
[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448,
1675–1681, 1683–1687; Dec. Dig. ⬤═⇒497.]

6. BILLS AND NOTES ⬤═⇒493—CONSIDERATION—BURDEN OF PROOF.
In suit, on a negotiable instrument, the burden of proof to show con-
sideration rests on the plaintiff, and such burden never shifts.
[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–
1662; Dec. Dig. ⬤═⇒493.]

7. BILLS AND NOTES ⬤═⇒489—PLEADING—ISSUES—ABSENCE OF CONSIDERATION.
In suit on a check, where the complaint alleged that defendant made
the instrument for value received, and that payee duly indorsed and de-
livered it to plaintiff for value, the answer admitting the making, but
alleging that the check was not given for value received, but was obtained
from defendant by fraud, "as hereinafter more particularly set forth,"
referring to a separate defense, which was stricken on the ground of
insufficiency, and also denying the allegation that the payee indorsed and
delivered the instrument to plaintiff for value, defendant was entitled
under the pleadings to offer proof both of the want of consideration for
making of check and for its indorsement to plaintiff.
[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–
1642; Dec. Dig. ⬤═⇒489.]

Appeal from City Court of New York, Trial Term.

Action by the Mechanics & Metals National Bank of the City of New York against Guiseppe Termini. From a judgment for plaintiff upon a directed verdict, defendant appeals. Reversed, and new trial granted.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Philip J. Termini, of New York City (John T. Walker, of New York City, of counsel), for appellant.

Frank M. Patterson, of New York City (Frank M. Patterson and Franklin H. Mills, both of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sues as indorsee of a check drawn by the defendant to the order of plaintiff's indorser. The complaint alleges in its third paragraph that defendant made the check "for value received," and in the fourth paragraph that the payee "duly indorsed and delivered the same to plaintiff for value." The answer admits the making of the check, but alleges "that said check was not given for value received, but was obtained from the defendant by fraud, deceit, and misrepresentation, as hereinafter more particularly set forth" (referring to a separate defense.) The answer further, in another paragraph, denies the allegation of the fourth paragraph of the complaint. It also sets out a separate defense of fraud exercised by the payee in procuring the defendant to make the check; but this separate defense was stricken out on the ground of insufficiency because, although defendant alleged that he gave the check on the false representation of the payee that he was solvent, in exchange for two drafts, the answer does not state on whom the drafts were drawn, or whether they were accepted and paid or not.

I cannot find that the defendant asked leave to amend the separate defense by pleading that the drafts were worthless. Defendant's counsel merely insisted:

"It is sufficiently apparent from the answer itself that the defendant issued this check for drafts drawn by the payee which have proved to be worthless. That is the defense."

The only request for leave to amend was "to allege that the plaintiff did not part with any consideration for the check," and "for a further separate defense that the check to the payee was without consideration," of which I shall speak in a moment. Defendant's motion for leave to amend was denied, and the motion to strike out the separate defense granted; the defendant excepting in both instances.

When defendant offered proof of absence of consideration given either to himself for the making of the check or to the payee by plaintiff for its indorsement, such proof was excluded, and defendant excepted. The result was the direction of a verdict in plaintiff's favor. The exclusion of the evidence offered by defendant is sought to be sustained on the ground that want of consideration is an affirmative defense, which must be pleaded as such.

[1-3] In the first place, it would seem that defendant affirmatively

"alleges that said check was not given for value received." Respondent answers this contention, as I understand it, by two arguments:

(1) By citing section 54 of the Negotiable Instruments Law, which, so far as material, reads:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course."

Respondent claims that this requires absence of consideration to be pleaded as an *affirmative* defense. As I read the section, however, it expresses, not a rule of pleading, but a principle of substantive law. Moreover, respondent's notion that there is no "defense," except new matter affirmatively pleaded after confession and avoidance, is erroneous. It is well settled that a denial is a defense. Staten Island M. R. R. Co. v. Hinchliffe, 170 N. Y. 473, 481, 482, 63 N. E. 545.

(2) Respondent urges that the allegation of absence of value received, in the third paragraph of the answer, which I have quoted, must be read in connection with the statement that the check was obtained by fraud, "as hereinafter more particularly set forth," that the two phrases combined are thereby made part of the separate defense which was stricken out, and that the first phrase cannot be read separately as an affirmative allegation of absence of consideration. I do not agree with this construction, but find in this pleading a distinct and separable allegation that defendant received no consideration for the making of the check.

It appears, further, that on plaintiff's objection evidence offered by defendant to show that plaintiff had given no value for the indorsement to it of the check was also excluded on the ground that it was incompetent, irrelevant, and immaterial. Of course, if defendant was not entitled under the pleadings to litigate the question of the absence of consideration for the making of the check, the fact whether or not plaintiff gave value for the indorsement thereof to itself was immaterial. But as we hold that defendant was entitled to prove absence of original consideration, the question will arise whether on the new trial to be ordered defendant may, under its denial of plaintiff's allegation that it gave value for the indorsement, try out that issue.

[4-7] Respondent's counsel does not on this appeal seem to differentiate in his argument between his objection to proof of want of consideration for the original making of the check and want of consideration for the indorsement to plaintiff, and I take it that on the new trial he will raise the same objection to appellant's proof of want of consideration for the indorsement on the ground that it has not been *affirmatively* pleaded in the answer. The error in his contention appears to me to lie in a confusion between the rules of substantive law of pleading and of evidence respectively. He is quite correct in his assumption that merely putting in evidence the note, with proof of its genuineness, is, because of established presumptions, sufficient prima facie evidence that the check was issued for value and that the plaintiff is a holder in due course, with all that that implies, as defined in sections 91 and 98 of the Negotiable Instruments Law. It is also true that proof merely of want of original consideration for the making of the check will not affect the prima facie presumption in favor of plain-

tiff's bona fide holding under sections 94 and 98 of that law. See (as to failure of consideration) Broderick Co. v. McGrath, 81 Misc. Rep. 199, 142 N. Y. Supp. 497. But these rules are not rules of pleading. Respondent's error—excusable though it may be—lies in insisting that:

"The rule is well settled that, in a suit on a negotiable instrument, want of consideration can be proved only where the same is pleaded as an affirmative defense in the answer."

The cases cited by respondent in support of this contention do not, on analysis, sustain it. In Ryan v. Sullivan, 143 App. Div. 471, 128 N. Y. Supp. 632, the notes themselves are said to have recited that they were given "for value received"; but the pleading contained neither the language of the notes, nor did it plead the fact of value received therein recited. The answer, however, sets up that the notes were given for the accommodation of the plaintiff. What was actually decided in that case was that the allegation was substantially equivalent to one of absence of consideration. The opinion discusses the peculiar condition which arose from the structure of the complaint, pointing out that defendant could not deny the making of the note, but that the mere admission thereof, expressly or by failure to deny, was not equivalent to an admission of consideration. Similarly a denial of the bare allegation of execution and delivery of the paper might not be regarded as an assertion of absence of consideration. See Heilbronn v. Herzog, 165 N. Y. 98, 58 N. E. 759. Therefore there was practically no way in the Ryan Case whereby defendant could indicate that he relied on absence of consideration, except by asserting that claim expressly in its answer, as it did.

The statement in the opinion that "proof of want of consideration may not be given under a general denial, but must be specially pleaded," is obiter, and is based upon the authority of three cases. The first is Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424. In that case the syllabus does, indeed, contain the statement that:

"The instrument [a promissory note] imports a consideration, and the burden of showing a want thereof is upon the defendants."

But the opinion, at pages 96 and 99 of 127 N. Y., 27 N. E. 835 (12 L. R. A. 845, 24 Am. St. Rep. 424), shows only that, while the court below so charged as to the "burden of proof," the point that such charge was erroneous was not raised at the trial, and therefore could not be considered on the appeal. The plain intimation, however, as I read the opinion, is that the charge was incorrect.

It is well settled that the burden of proof as to the existence of consideration in the case of negotiable paper is upon the plaintiff (Irving v. Irving, 90 Hun, 422, 35 N. Y. Supp. 744; Lombard v. Bryne, 194 Mass. 236, 80 N. E. 489); and of course the burden of proof never shifts (Heinemann v. Heard, 62 N. Y. 448; Farmers' Loan & Trust Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358).

Of the two other cases cited in support of the obiter proposition which I have quoted from the Ryan Case, Dubois v. Hermance, 56

N. Y. 673, relates solely to *failure* as distinguished from absence of consideration, and Eldridge v. Mather, 2 N. Y. 157, is distinctly limited to a *partial* failure or want of consideration (the italics appear in the syllabus itself).

The principal other case to which respondent appeals is Sprague v. Sprague, 80 Hun, 285, 30 N. Y. Supp. 162. That case is so meagerly reported that it does not appear what questions particularly were raised on the trial. The statement (be it incidental or otherwise) that the burden of proving want of consideration in a suit upon a promissory note rests upon the defendant is made upon the authority of the Carnwright Case, which, as I have shown above, holds nothing of the kind.

This is not a case either where defendant, by denying an immaterial averment of the complaint, fails to raise any issue, as held in Linton v. Unexcelled Fire Works Co., 124 N. Y. 533, 536, 537, 27 N. E. 406, the averment there being described as "immaterial so far as the complaint was concerned because a recovery could be had without *proving* it." It is also said that "it was not necessary that he should specifically or in express terms aver or prove" it. As shown above, that description does not fit an allegation in the complaint that negotiable paper was either issued or transferred for a consideration—superfluous though it may be to *aver* it expressly.

I am of opinion, therefore, that defendant was entitled under the pleadings as they stand to offer proof both of want of consideration for the making of the check and for its endorsement to plaintiff.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

LEHMAN, J., concurs. FINCH, J., concurs in result.