Lightolier Company, a Domestic Corporation, Plaintiff, Respondent, *v.* Minter Homes Corporation, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 26, 1924.

Judgments — res judicata — entire claim arising on contract cannot be divided — same issues litigated and judgment rendered for plaintiff between same parties in prior action — plaintiff claims inadvertent credit to defendant discovered since prior action — plaintiff barred from bringing second action.

A party cannot split up his causes of action, nor can an entire claim arising on a contract be divided.

Accordingly, plaintiff is barred from bringing a second action in the Municipal Court of the city of New York involving the same issues and between the same parties as litigated and adjudicated in a prior action in the City Court where its only contention is that it inadvertently credited the defendant with the payment of an amount, now sued upon, which as a matter of fact had not been paid by the defendant.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, rendered in favor of the plaintiff.

*Philip Goldfarb*, for the appellant.

*Shaine & Weinrib* (*Edward C. Shaine*, of counsel), for the respondent.

LEVY, J. Plaintiff sued defendant for goods sold and delivered. In a prior action between the same parties in the City Court of the city of New York the same issues as in this case were litigated and adjudicated and a judgment was obtained by the plaintiff in the sum of $535.55, which judgment has been paid by the defendant. Plaintiff brings this action in the Municipal Court to recover $116.38, also for goods sold and delivered and arising out of the same contract between the parties, the contention of the plaintiff being that it inadvertently and through error credited the defendant with the payment of $116.38, which amount as a matter of fact had not been paid by the defendant to the plaintiff.

It is elementary that a party cannot split up his causes of action, that an entire claim arising on a contract cannot be divided and that a judgment on the merits is a bar to future recovery unless there are special circumstances present which take the case outside of the policy on which the well-recognized rule is grounded.

The judgment obtained by the plaintiff against the defendant in the City Court of the city of New York being for the same cause of action as that sued on in the case at bar estops plaintiff from bringing the second action.

Judgment reversed, with thirty dollars costs, and complaint dismissed upon the merits, with costs.

BIJUR and MULLAN, JJ., concur.

Judgment reversed and complaint dismissed.