FRANCIS P. MALONEY et al., as Trustees under the Will of GUY E. HAMLIN, Deceased, Plaintiffs, *v.* McMILLAN BOOK COMPANY, INC., Defendant.

City Court, City of Syracuse, February 23, 1967.

*Mackenzie, Smith, Lewis, Michell & Hughes (John F. Lawton* of counsel), for plaintiffs. *Hancock, Ryan, Shove & Hust (John R. Varney* of counsel), for defendant.

JOSEPH F. FALCO, J. Plaintiffs move for an order vacating a default judgment in favor of the plaintiffs entered in the City Court of Syracuse, New York, on the 26th day of January, 1965. This motion is made pursuant to CPLR 5015 and pursuant to the court's inherent powers to amend, modify or rescind its prior orders or judgments.

The facts surrounding this motion are basically uncontro-verted. The defendant leased certain premises in the City of Syracuse, New York, from the plaintiffs who are trustees under a will. The rent for the lease of said premises was $4,000 per month payable on the first of each and every month. The defendant failed to pay the plaintiffs rent for the months of September, October, November and December, 1964. On Decem-ber 23, 1964 an action was commenced in the City Court of Syracuse, New York, by the plaintiffs for rent alleged to be due for the month of September, 1964 only. A default judgment was entered in the City Court on the 26th day of January, 1965 in the amount of $4,119.95. This judgment was satisfied by the defendant and a satisfaction of judgment was filed by the plaintiffs on February 1, 1965.

Thereafter the plaintiffs commenced an action in Supreme Court on the 29th day of April, 1965 for rent alleged to be due for the months of October, November and December of 1964 and January, February, March and April of 1965. The defendant by notice of motion dated May 29, 1965 then brought on a motion directing that judgment be entered in their favor and against the plaintiffs as to the rentals for the months of October, November and December of 1964 on the grounds that the plaintiffs had split their cause of action, their argument being that when the plaintiffs brought their first action in City Court on December 23, 1964 they then had a cause of action for the rent for the months of September, October, November and December but chose instead to sue only for the month of September, 1964.

On July 1, 1965 the Supreme Court (Justice JAMES O'CONNOR) granted defendant's motion and an order was signed on July 19, 1965 and judgment was entered accordingly in the Onondaga County Clerk's office on July 23, 1965. The plaintiffs then appealed from the Supreme Court order and judgment to the Appellate Division of Supreme Court, Fourth Department. Then by a decision dated December 1, 1966 the Appellate Division unanimously affirmed, without opinion Justice O'Connor's order (27 A D 2d 645).

CPLR 5015 (subd. [a], par. 1) states as follows:

" (a) Grounds. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:

" 1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry ".

The above provisions of the CPLR may not be deemed preemptive of the instances in which the court may relieve a party from judgment. A statement of intent to preserve this discretionary power of the court appears in the Advisory Committee's notes. The committee wrote: " The court's inherent power to relieve a party from the operation of a judgment in the interest of substantial justice is not limited in any way by the proposed [i.e., the CPLR] rules. " (Third Preliminary Report of the Advisory Committee on Practice and Procedure [1959], p. 204, N. Y. Legis. Doc., 1959, No. 17.)

The showing of justification for the tardiness of the motion would invoke the court's " inherent discretionary power. "

The one-year period is not a Statute of Limitations. (*Ladd* v. *Stevenson*, 112 N. Y. 325.)

It is well-settled law in New York State and other jurisdictions that where several sums or installments are due upon a single contract, they *must* be united in one action, and if several suits are brought upon such an installment contract for separate installments after all are due, recovery upon one will be a bar as to the others. (*Lorillard* v. *Clyde*, 122 N. Y. 41, 42 A. L. R. 128; *Kennedy* v. *City of New York*, 196 N. Y. 19.) The reason for the rule lies in the necessity of preventing vexatious and oppressive litigation and implicit in this rule is an assumption that a plaintiff who has split his cause of action has acted inequitably, knowing that he was causing unnecessary vexation to the defendant or at least careless as to whether or not he was causing such vexation. (*Gedney* v. *Gedney*, 160 N. Y. 471; *White* v. *Adler*, 289 N. Y. 34.)

In the face of this well-settled rule the plaintiffs did in fact split their cause of action and in a letter to the defendant on January 6, 1965 stated '' We have commenced an action against you for the September rental portion and we intend to do the same for each successive month thereafter. '' The reason advanced by the plaintiffs for so splitting their cause of action was to enable them to come under the monetary jurisdiction of the City Court, and that they could get a speedier determination in that court because of the lack of calendar congestion. The case of *Dusenbury* v. *Habisreitinger* (72 Misc. 61) which is the law in New York State says in part that a party may not divide up a single cause of action merely for his convenience in seeking a forum.

Plaintiffs were informed by defendant's attorney in February, 1965 that their procedure in obtaining a default judgment for the September, 1964 rent alone had barred them from claiming any rentals for October, November and December of 1964. Plaintiffs failed to move at that time to vacate the default judgment but, rather, retained the amount recovered and thereafter on April 29, 1965 sued in Supreme Court for rent alleged to be due from October, 1964 to April, 1965. It was at this time the defendant interposed the partial affirmative defense that plaintiffs had barred themselves from recovery for the October, November and December, 1964 rents and moved for partial summary judgment.

The plaintiffs cite the case of *Rockefeller* v. *St. Regis Paper Co.* (39 Misc. 746) as their authority for this court's right to vacate the default judgment they themselves obtained. This court thinks this case is distinguishable on the facts. In the

*Rockefeller* case a second action for rent (cutting) was made on January 9, 1903. Default judgment was entered on the first action for rent (cutting) on January 15, 1903. The motion to vacate the default judgment was made and heard at Special Term in February, 1903, so that all of the problems caused by the mistake in splitting an entire demand were resolved within a month or six weeks at the most.

In the instant case the plaintiffs have never acknowledged a mistake had been made in splitting the entire demand and the motion to vacate is brought some 23 months after the default was granted.

The plaintiffs in this court's opinion should have moved to vacate their default judgment when they were informed in February of 1965 that the defense of splitting a cause of action would be raised by the defendant in any subsequent suit or certainly should have moved to vacate the default after the decision on the motion in the Supreme Court action on July 1, 1965. To vacate the judgment some 23 months or 2 years later would only mean further vexation and oppressive litigation which would in effect defeat the purpose of the rule in New York and would not be in the interest of substantial justice.

The defendant in this matter can never be made whole for the expenses incurred in defending a claim which this court believes went against the unanimity of opinion and supporting authority in this State. This court is aware that the result of the plaintiffs' splitting their cause of action will be the loss of a considerable part of their debt, which is to be regretted, but the law ceases to be law and it ceases to promote justice if it is changed for every case. The greatest good to the greatest number requires a firm adherence to just general principles.

Plaintiffs' motion to vacate the default judgment in this action is denied.