Edward J. Greenfield, J.
Plaintiff sues to recover from a tenant unpaid rent under a written 10-year lease dated March 18, 1957. The original rental for the leased premises was fixed at $17,000 annually for the first four years of the term and $18,000 a year for the last six years. The increase in rental was to take effect on April 1, 1961.
However, that date came and went, and plaintiff landlord continued sending rent notices in the original amount. Defendant continued to pay as before. It was not until December, 1963 that plaintiff’s managing agent claims to have discovered that the rental received for the previous 30 months was not in accord with the amount stipulated in the lease. Demand was then made for the difference — some $2,750 in all — and for all future payments at the increased rate.
The tenant, claiming there was an agreement with the managing agent to continue paying rent at the old rate until the building was renovated, paid the same amounts as theretofore for the months of January and February, 1964. The January rent was accepted, but the February rent when tendered was rejected. On February 13, 1964, the plaintiff landlord com.menced a summary proceeding in this court, seeking to remove defendant for nonpayment of the February rent and for partial arrears on the January rent. It demanded judgment for such arrears in the sum of $1,616.68.
*449 In the summary proceeding defendant raised as a'defense the same claim that it here asserts — that there was an oral agreement with the managing agent. There, as here, that defense was found to be wholly insufficient as a matter of law (Pape v. Rudolph Bros., 257 App. Div. 1032, affd. 282 N. Y. 692). Judgment was rendered in favor of plaintiff landlord and defendant paid the increased amount for the January and February, 1964, rent.
The landlord then brought this action to recover arrears from April, 1961, to December, 1963. Defendant again asserts as a defense the alleged oral modification of the lease which was disposed of in the summary proceeding, and an additional defense which is entitled to more serious consideration, namely, that plaintiff, having already sued and recovered for rental arrearages, made an election not to seek recovery of earlier arrearages, and by bringing this suit is splitting its cause of action.
The law is quite clear that claims for rents due under separate and distinct leases may constitute different causes of action, as do claims for installments of rent which are sued upon as each installment becomes due and payable (1 C. J. S., Actions, p. 1327; Silver Dresses v. Parker, 73 N. Y. S. 2d 704, 706). However, even where rent is payable at stated intervals, when an action is brought all installments of rent which are due and unpaid under the same lease at the time the action is brought must be included in that action (Maloney v. McMillan Book Co., 52 Misc 2d 1006).
Plaintiff contends that it is not really splitting its cause of action, arguing that the prior summary proceeding was basically to recover possession of premises, with the demand for a money judgment for the January and February 1964 rent merely as “ incidental relief ”, while the present suit is a plenary action to recover a sum of money only, not for unpaid rent but for the difference between-the correct amount due and the amount actually paid because of a mistake in billing. This type of semantic legerdemain sets up the classic ‘ ‘ distinction without a difference ”. It makes no difference whether the money sought in the previous summary proceeding was the primary objective or a secondary one — the fact remains that a money judgment for rent arrears was sought and was obtained. Plaintiff’s argument that the recovery in the summary proceeding was for failure to pay any rent at all (when the landlord had rejected the tenant’s proffered payment because of an incorrect amount) while the recovery sought here is for alleged underpayments of prior rent actually paid not only splits causes of action, but splits hairs as well.
*450 Whatever verbiage is used, the fact is that the nature of plaintiff’s claim in both actions (but not the amount) is identical. In both actions the claim is that the tenant failed to pay the full amount of rent called for under the very same lease, as a result of which additional sums were due and owing to the landlord. At the time the summary proceeding was commenced plaintiff had the right to sue for the entire amount of the alleged underpayment of rent, but it chose to "sue for only the most recent installments. It is bound by its election.
Plaintiff argues, however, that it effectively reserved its rights with respect to the earlier rent due by inserting in -the ad damnum clause of the nonpayment petition the following language: “ The landlord reserves his right hereunder to collect all arrears for period prior to January 1, 1964.” Neither, counsel nor the court has been able to unearth any case in which such saving language was held to be effective. Indeed, the very language of reservation accentuates the fact that the landlord was fully aware of the entirety of its claim. The public policy which underlies the rule against splitting causes of action is based upon the “ assumption that a plaintiff who has split his causes- of action has acted inequitably, knowing that he was causing unnecessary vexation to the defendant, or at least careless whether or not he causes such vexation” (White v. Adler, 289 N. Y. 34, 42). The plaintiff is certainly entitled to his day in court, but not for repeated encores. For any accrued claim he gets only one bite at the apple.
Precisely because repeated litigations may be oppressive and vexatious (see Kennedy v. City of New York, 196 N. Y. 19, 22) a litigant must take care to see that his suit encompasses all then due for any existing claim. Even inadvertence may be no excuse for failing to include an entire claim in an action (Lightolier Co. v. Minter Homes Corp., 123 Misc. 420), but here it cannot be claimed that the omission of part of the claim was done innocently and without negligence (cf. Saypol v. Wolf, 165 Misc. 517; 3 Carmody-Wait 2d, New York Practice, § 16.2, p. 76) —the very reservation of rights negatives any claim of inadvertence. When the splitting of causes of action is knowingly done, as is the case here, the vexatious nature of the tactic — causing a defendant to appeal and defend several times when once should suffice — becomes readily apparent.
Possibly recognizing the dubious nature of the alleged reservation of the right to bring separate lawsuits, plaintiff argues further that the defendant waived any protection accorded by the rule against splitting of causes of action by failing to move to strike the alleged reservation of rights asserted in the summary *451 proceeding. This is a strange doctrine indeed! Plaintiff urges in effect that, by inserting language in a pleading which is both irrelevant and legally inoperative, the other party risks ignoring the words at its peril, and by inaction creates a legal right where none existed before. An announcement of future intentions creates no present obligation on the part of the recipient to respond or be forever barred from acting when those vague intentions are transformed into subsequent action. Defendant’s silence or failure to move cannot be deemed an aequiesence in plaintiff’s future plans, so misleading to plaintiff that an estoppel would be created. The reservation of rights being on its face a legal nullity, it is not invested with any greater force or effect merely because it was ignored.
Plaintiff’s reliance upon Rockefeller v. St. Regis Paper Co. (39 Misc. 746, app. dsmd. 85 App. Div. 267) is misplaced. There plaintiff had sued in December for sums to which it had become entitled to the end of September, and recovered a judgment. Then a second suit was brought to recover sums which became due in October and November. As the amounts in the second suit were also due at the time the first action was commenced but plaintiff believed.the subsequent sums would be paid without a lawsuit, the court vacated the prior judgment so that the second suit, which closely followed the first, would not be barred by the rule against splitting causes of action. Here, however, the second suit does not follow upon the heels of the first, and there is no basis for this court vacating a judgment of three and a-half years’ standing. . Further, unlike the Rockefeller case, the sums sought to be recovered in this suit antedated those involved in the earlier proceeding, and plaintiff here could have no expectation that these early amounts would be paid when the more recent sums were refused. This case more closely resembles Maloney v. McMillan Book Co. (52 Misc 2d 1006, 1009, affd. 27 A D 2d 645) where the court, in refusing to vacate a prior judgment after a second action was dismissed for splitting of causes of action stated: “ To vacate the judgment some 23 months or 2 years later would only mean further vexation and oppressive litigation which would in effect defeat the purpose of the rule in New York and would not be in the interest of substantial justice.”
It is always regrettable when a plaintiff loses part of a debt which may clearly have been due, but even a right can be abused or dissipated. Plaintiff made the choice and plaintiff must abide by the consequences. The complaint is dismissed. Judgment for defendant.